Argued July 2, decided July 15, 1913.

Statement corrected in former opinion September 9, 1913.

# In Re S. MARKS & CO.'S ESTATE.*

(133 Pac. 777.)

**Executors and Administrators—Partnership Administrators—Removal.**

1. The County Court has power to remove a partnership administrator if he neglects to file his semi-annual accounts or if there is reasonable ground to believe that his acts have been in violation of his trust.

[As to grounds for the removal of an executor or administrator, see note in 138 Am. St. Rep. 525.]

**Executors and Administrators—Settlement of Estate—Delay.**

2. The purpose of statutory proceedings for the administration of estates is to marshal the assets of the estate in order that the debts may be promptly paid and the remaining assets promptly distributed to those entitled thereto, and County Courts should require an expeditious compliance with the statute.

---

*On the question of the power of a personal representative, testamentary trustee, or guardian to carry on business, generally, see note in 40 L. R. A. (N. S.) 201.        REPORTER.

Executors and Administrators—Powers—Carrying on Business of Deceased.

3. Where heirs and devisees desire to continue the business of their ancestor undivided, they should first have the estate closed as provided by law and take over the business individually, it not being the affair of an administrator to continue the business as a part of the administration, and the County Court having no power to authorize or permit him to do so.

Executors and Administrators — Partnership Administrators — Removal.

4. A delay of 20 years in the administration of a partnership estate, during which the administrator carried on the business without any order of the County Court and against the will and protest of the heirs of the deceased partner, was a sufficient violation of the statute and abuse of trust to authorize his removal by the County Court on its own motion.

Executors and Administrators—Partnership Administrators—Disqualification.

5. A person whose personal interests are so adverse to the interests of an estate and those entitled to its distribution that both cannot be fairly represented by the same person is not a proper person to administer the estate.

Executors and Administrators—Probate Court—Discretion.

6. County Courts are vested with large discretionary powers over the conduct of executors and administrators, and their discretion will not be interfered with on appeal unless plainly required by some principle of law.

From Douglas: John S. Coke, Judge.

Department 2.   Statement by Mr. Justice Eakin.

This proceeding was commenced in the County Court of Douglas County by the petition of Rachel De Bow, Sura Hartbrod, Clara Marks, administratrix of the estate of Adolph C. Marks, deceased, and Meier Marks, as successors to the interest of Zulkind Krotki, an heir of S. Marks, deceased, for the removal of H. Wollenberg as administrator of the above-entitled estate. The dealings of S. Marks and Asher Marks, constituting the firm of S. Marks & Co., involved here, have a very long and complicated history, beginning in 1853. The name of S. Marks, deceased, was originally Samuel Krotki. He came to this country early in

the fifties, and engaged in the mercantile business in Roseburg. A little later he took into partnership with him his nephew, Asher Marks, as S. Marks & Co., and that partnership continued until the death of Samuel Marks, which occurred September 20, 1893.

On October 9, 1893, after the death of S. Marks, Asher Marks was appointed administrator of the estate of S. Marks, valued at about $12,000, and of the partnership of S. Marks & Co. His undertaking as such for both estates was in the sum of $150,000, upon which H. Wollenberg is one of the sureties. On August 31, 1899, Asher Marks died, leaving a will in which Herman Marks, his nephew, is his principal devisee and sole executor thereof. At the time of his death Asher Marks had not fully administered the estate of S. Marks & Co., nor made a final settlement of the estate. On September 29, 1899, after the death of Asher Marks, and upon the joint petition of Herman Marks and H. Wollenberg, the latter was duly appointed by the County Court of Douglas County administrator *de bonis non* of the said partnership of S. Marks & Co. He entered upon the administration of the estate, taking possession of the property, books and papers thereof, and still is such administrator, said estate being still unsettled. On October 3, 1899, on his own petition, he was appointed administrator of the partnership estate of S. Marks and H. Wollenberg, valued in his petition at $50,000, and he is still such administrator, the estate remaining unsettled. At the time of the death of Samuel Marks he left surviving him his brothers, Zulkind Krotki and Saul Krotki, and his sister, Myndel Trout, being his only heirs, and all residing in Russia. Zulkind Krotki died October 12, 1894, his heirs surviving him being Rachel De Bow, Sura Hartbrod, Meier Marks, Adolph C. Marks, Asher Marks, and Saul Marks, his children,

the last-named three being now dead.   Plaintiff Clara
Marks is the widow of Adolph C. Marks, and the ad-
ministratrix of his estate.   The petitioners in this pro-
ceeding ask for the removal of H. Wollenberg as
administrator of the estate of S. Marks & Co., and that
a new administrator be appointed in his place.   The
petition for such removal discloses that Asher Marks,
as administrator of the estate of S. Marks & Co., was
unfaithful to his trust and mismanaged the same, to
the great loss of the estate and of the petitioners, recit-
ing that he conspired with H. Wollenberg and Herman
Marks to deprive Zulkind Krotki and these petitioners,
his children and heirs to his interest in the estate of
S. Marks, deceased, of their part thereof, and setting
forth many specific wrongful transactions which it is
not necessary to state here in detail; that H. Wollen-
berg, as administrator of the partnership estate of S.
Marks & Co., has been unfaithful to his duties and vio-
lated his trust as such administrator in the various
particulars specified in the petition and in failing to
secure a settlement with the estate of Asher Marks as
to his administration of the estate of S. Marks & Co.,
and by his neglect to settle and close said estates and
distribute the same, to the great loss, waste, and depre-
ciation of the estate of S. Marks & Co., and loss to the
petitioners; that by reason of his unfriendly relations
to petitioners and to their interest, his adverse atti-
tude thereto, and his intentional delays in closing the
estate, he is disqualified to act further in the matter.
The County Court of Douglas County entered a decree
removing him as such administrator.   The case was
appealed to the Circuit Court, and there affirmed, and
Wollenberg appeals to this court.

Affirmed.

For appellant there was a brief over the name of *Coshow & Rice,* with an oral argument by *Mr. Oliver P. Coshow.*

For respondents there was a brief over the names of *Mr. Edward B. Watson* and *Mr. Commodore S. Jackson,* with an oral argument by *Mr. Watson.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. In the trial of this proceeding in the County Court the evidence was taken as fully as it would have been upon an acounting. More than 400 pages of testimony were taken and as great a volume of exhibits were submitted, all being contained in the record here. We do not deem it important to examine this record with great particularity, as the only question for consideration is whether the decision of the County Court in removing H. Wollenberg, the administrator *de bonis non,* should be upheld, without determining the actual conditions of the accounts or the actual relative rights of the parties. As said in *Marks* v. *Coats,* 37 Or. 609 (62 Pac. 488), it is sufficient for the purposes of the case that there is reasonable ground to believe that his acts have been in violation of his trust. The statute fully authorizes the County Court to remove the administrator if he is negligent with his trust or neglects to file his semi-annual accounts: See Sections 1159, 1165, 1282, 1283, and 1293, L. O. L.

2. It might be apropos to remark here that our statutory proceedings for the administration of estates is for the purpose of marshaling the assets of the decedent's estate that the debts may be promptly paid and the remaining assets just as promptly distributed to those entitled to them. County courts are sometimes much too lenient in requiring an expeditious compliance with the statute in the administration of estates.

3. If the heirs and devisees desire to continue the business of the ancestor undivided, they should first have the estate closed, as provided by law, and take over the business individually; but it is not the affair of the administrator to continue the business as a part of the administration, and the County Court has no power or authority to authorize or permit him so to do.

4. It appears that this estate has been in the course of administration for 20 years, and the writer of this opinion can conceive of no circumstances that would justify such a delay. It was not occasioned by any order of the County Court, nor upon any good cause shown, but by usurpation of authority to conduct a business for the heirs against their will and protest. This delay alone is a sufficient violation of the statute and abuse of his trust to authorize the County Court to remove him on its own motion.

5. Furthermore, it appears from the petition and evidence that the personal interests of the administrator are so adverse to the interests of the estate, and of those entitled to its distribution, that both cannot be fairly represented by the same person. The administrator's duties are those of a trustee, and he should be such a person as can and will carefully guard the interests of the estate and of the distributees thereof. He should be an indifferent person as between the claimants thereto: See *In re Mill's Estate*, 22 Or. 210 (29 Pac. 443). It is said in *Manser's Estate*, 60 Or. 240 (118 Pac. 1024): "It was impossible for Baker to bring an action against himself to determine his right to the $4,000, and he cannot be permitted to be the judge of his own title to the property, when other parties assert a claim to it. An executor is a *quasi* trustee, who should be indifferent between the estate and claimants of the property, except to preserve it for due administration, and when his interest conflicts

with such right and duty the County Court, in the exercise of a sound discretion, may remove him." In *Re Holladay's Estate,* 18 Or. 168 (22 Pac. 750), it is said: "Under our probate system the duties of an executor or administrator are active, and not passive. He cannot be permitted to neglect to do those things which are plainly required at his hands by law or the order of the court, and when complaint is made of such neglect, excuse himself by alleging that such delay or omission was for the benefit of the estate. No doubt, in this particular case, the property of the estate did appreciate in value; but that circumstance was accidental. It might have gone the other way, and, if the excuse is good in one instance, it ought to be in the other. Such a theory is at variance with the requirements of our statute * * and could not receive the sanction of this court."

6. A cursory examination of the evidence convinces us that Wollenberg's individual interests are antagonistic to the interests of the estate, and that he is not a proper person to administer it. It is said in the last case cited above: "In the very nature of things, County Courts are vested with a very large discretionary power over the conduct of executors and administrators." And its exercise will not be interfered with on appeal, unless plainly required by some principle of law.

The decree of the Circuit Court is affirmed.

AFFIRMED.

Mr. Justice Bean and Mr. Justice McNary concur.

Mr. Chief Justice McBride not sitting.