Argued July 2, decided July 15, statement corrected September 9, 1913.

## In Re MARKS & WOLLENBERG'S ESTATE.

### (133 Pac. 779.)

**Executors and Administrators—Partnership Administrators—Removal.**

Where an administrator of a partnership estate continued the business for more than six years without responsibility to anyone, failed to keep thorough and accurate accounts, lost or destroyed account-books, and did not file a full inventory of the partnership property as it existed at the death of the deceased partner, he should be removed.

> [As to grounds for the removal of an executor or administrator, see note in 138 Am. St. Rep. 525.]

From Douglas: John S. Coke, Judge.

This is a proceeding originating in the County Court for the removal of H. Wollenberg as administrator of the partnership estate of Marks & Wollenberg. From a decree of the Circuit Court removing said administrator, he appeals.

Affirmed.

For appellant there was a brief over the name of *Coshow & Rice*, with an oral argument by *Mr. Oliver P. Coshow.*

For respondent there was a brief over the names of *Mr. Edward B. Watson* and *Mr. Commodore S. Jackson*, with an oral argument by *Mr. Watson.*

Department 2.   Mr. Justice Eakin delivered the opinion of the court.

The issues and history of this estate are much the same as those in the *S. Marks & Co.'s Estate, ante,* p. 340 (133 Pac. 777), just decided. It was tried upon the same evidence in the County Court, and the two cases here were argued and submitted together. In

addition to the statement in that case, it appears in the estate of S. Marks and H. Wollenberg that administration was not asked for until October 3, 1899. It also appears that H. Wollenberg continued the busi-, ness as formerly without responsibility to anyone for for more than six years. The affairs of each partnership were more or less involved in the other. Thorough and accurate accounts were not kept, account-books were lost or destroyed, and the administrator in this estate did not file a full inventory of the property of the partnership estate as it existed at the time of the death of S. Marks; and it seems to be very necessary that the settlement of the estate should be placed in the hands of an impartial person.

The opinion in the *S. Marks & Co.'s Estate* applies equally to this.

The decree is affirmed.            AFFIRMED.

MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur; MR. CHIEF JUSTICE MCBRIDE not sitting.