[Filed April 5, 1892.]

IN RE ESTATE OF WARREN H. MILLS, DECEASED.

EXECUTORS AND ADMINISTRATORS—FAILURE TO FILE INVENTORY—REMOVAL.—
A failure to make and return an inventory of the estate by an executor or administrator, within the time allowed by law, is a violation of duty for which he is subject to removal.

ADMINISTRATOR—TRUSTEE—PROPERTY OF ESTATE—CONFLICTING CLAIMS.—
An administrator is a *quasi* trustee, and should be a person who is not interested adversely to the estate in property which is the subject of administration, and who will, while carefully guarding the interests of the estate, stand at least indifferent between it and claimants of the property.

Klamath county: L. R. WEBSTER, Judge.

Plaintiff appeals. Reversed.

*Frank V. Drake*, for Appellant.

*N. B. Knight*, for Respondent.

BEAN, J.—This is a proceeding for the removal of an administrator for a failure to file an inventory of the estate of his decedent. On January 22, 1890, W. H. Mills died seized and possessed of a large amount of property in Klamath county, Oregon, leaving as his sole heir his son Warren F. Mills, who intermarried with the petitioner herein and died in November following, leaving his wife as his devisee. At the time of his death, W. H. Mills and one J. B. Rider owned a large amount of real estate, and were equal partners in the business of farming, and raising, buying and selling stock, and by their lessee were in possession ersonal property of the probable value of four thousand d rs. On July 21, 1890, Fred H. Mills was duly appointed administrator of the estate of W. H. Mills, qualified and entered upon the discharge of his duties, but

in the inventory filed by him, failed and neglected to include any of the personal property in the possession of W. H. Mills at the time of his death. As a reason for omitting this property from the inventory, the administrator claims to have purchased it from Warren F. Mills subsequent to the death of his father and of his appointment as administrator. By reason of such purchase, he now claims to be the owner of the property, that it does not belong to the estate, and therefore should not be included in the inventory.

The contention of the petitioner is, that the alleged purchase by the administrator of Warren F. Mills was not in fact made; and if it were, the heir had no interest in the property which he could convey pending the settlement of the estate, and that the administrator is prohibited by law (Hill's Code, § 1162) from purchasing property belonging to the estate.

A vast amount of testimony has been taken and is in the record, and learned and exhaustive briefs have been filed, as well as oral arguments made, touching the questions thus suggested; but in the view we have taken of this matter, it is unnecessary for us to enter upon an examination of the validity of the alleged sale by Warren F. Mills to the administrator. *In re Holliday Estate*, 18 Or. 168, it was held by this court that a failure to make and return an inventory of the estate by an executor or administrator within the time allowed by law, is a violation of duty for which he is subject to removal. At the time of the death of W. H. Mills, he was in possession and at least *prima facie* the owner of this property, and it should have been included in the inventory of his estate; and for an intentional neglect so to do, the administrator is subject to removal, under the decision mentioned.

In addition to this, it is apparent from the mere statement of the claims of the petitioner and the administrator, that there is a direct conflict in interest between the estate

and Fred H. Mills, and that he cannot act indifferently in the matter. An administrator stands in the position, so to speak, of a trustee, and should be a person who can and will carefully guard the interests of the estate, and at least stand indifferent between it and claimants to the property. This Fred H. Mills cannot do; and he must necessarily, if allowed to act as administrator, sacrifice the interests of the estate, if any, in this property, or his own interests, and it is expecting too much of human nature to assume the latter. We do not conceive this to be a proper proceeding in which to try the question of the title to this property, and therefore do not express or indicate any opinion thereon; nor as a fact have we examined the testimony further than to see that there is a real and substantial controversy, and one which must be tried in the proper forum, the estate being represented by some person as administrator who is in a position to assert its rights, if any. It is sufficient for us to know that the interests of Fred H. Mills as an individual and as administrator are so antagonistic that they cannot be represented by the same person.

It follows, therefore, that the decree of the court below must be reversed, and this cause remanded with directions to the county court to remove the administrator and appoint some suitable person in his place.