Argued 21 November; decided 26 December, 1899.

## RE BARNES' ESTATE.

[59 Pac. 464.]

1. REMOVAL OF ADMINISTRATOR— WAIVER OF OBJECTIONS TO PETITION.— When an administrator appears in response to a petition for his removal, and contests the matter on its merits, he will not thereafter be heard to object that the petition was insufficient; technical objections were waived by answering.

2. DISCRETION IN REMOVING ADMINISTRATOR.—A probate court has a large discretion in passing on an application to remove an administrator, and an abuse must be shown to justify a reversal: *Re Holladay's Estate*, 18 Or. 168, followed.

3. GROUNDS FOR REMOVING ADMINISTRATOR.—Failure of an administrator for more than six months to file an inventory, or to publish a notice calling on creditors to present their claims, is sufficient reason for his removal, in the discretion of the probate court: *Re Mills' Estate*, 22 Or. 210, followed.

From Multnomah :  JOHN B. CLELAND, Judge.

In the matter of the estate of Laura Marie Barnes, deceased, A. E. Rockey and another petitioned for removal of W. St. M. Barnes as administrator.   From a decree of the circuit court affirming the county court's order of removal, the administrator appeals.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John R. Stoddard.*

For respondents there was a brief and an oral argument by *Messrs. Frank S. Grant* and *Edw. Mendenhall.*

MR. JUSTICE BEAN delivered the opinion.

This is an appeal from a decree of the Circuit Court of Multnomah County affirming an order of the county court of that county removing the appellant as administrator of the estate of Laura Marie Barnes. The facts are that Mrs. Barnes died intestate on the sixteenth of April, 1897, and on the twenty-eighth of the same month her husband (the appellant herein) was appointed as administrator of her estate. On November 2, 1897, A. E. Rockey and J. T. Walls filed in the county court a petition averring that they were creditors of the estate; that, although more than six months had elapsed since the appointment of the appellant as administrator, he had failed and neglected to publish a notice of his appointment, as required by law, or make and file an inventory of the property belonging to the estate, and in fact had done nothing towards the settlement thereof; that their verified claims had been presented to the administrator some time before the filing of the petition, but he had not passed upon the same, although he had had sufficient time, and had been requested so to do; and asking that his letters be revoked, and one J. B. Bridges, the father of the deceased, be appointed in his stead. Upon the filing of this petition an order was made citing the appellant to appear and show cause why it should not be granted, and on the sixteenth of November he appeared, and, without making any objection to the petition, or denying any of its allegations, averred: "That the principal cause of delay in proceeding with the administration has been absence from the city, and press of business; that, since having his attention called to the fact that interested parties were desirous of having the administration progress, he has caused notice of his appointment, etc., to be published, has prepared an inventory of the

estate, and filed a petition in the county court asking for the appointment of appraisers, and is ready to proceed with the administration of the estate as expeditiously as possible.'' A reply was filed, denying each averment in the answer, and the matter was submitted upon the pleadings. On the following day the court entered a decree finding that the petitioners were creditors of the estate; that, although the appellant was appointed as administrator on the twenty-eighth of April, 1897, he had, up to the time of filing the petition for his removal, failed to publish notice of his appointment, or to make or file an inventory, and had neglected and failed to take any steps towards the settlement of the estate; that no order or application to the court had been made for an extension of time in which to file the inventory or for the appointment of appraisers; that, by reason of the neglect of the administrator, the creditors were uninformed of the condition or value of the estate, which was alleged in the petition for his appointment to be $1,000, and had suffered probable loss in not being able to collect their claims; that the administrator had failed to show cause why his negligence should be excused; and thereupon entered a decree removing him, and appointing J. B. Bridges, whom it found to be a resident of Multnomah County, and a suitable person, as administrator of the estate. An appeal was taken to the circuit court, where the order of the county court was affirmed, and the administrator appeals to this court.

1. The contention of the appellant is that the petition filed in the county court for his removal was not sufficient to authorize the court to make any order whatever in the matter, because: (1) It does not allege that the neglect of the administrator to publish notice of his appointment or file an inventory within the time required by law had resulted or would result in probable loss to the petitioners;

(2) the bare allegation that the petitioners are creditors of the estate was insufficient, but the facts constituting their claim ought to have been averred; and (3) it does not aver that Bridges, whom it asks to have appointed administrator, was a resident of Multnomah County. But these objections, if they ever possessed any merit, were waived by the administrator when he appeared and submitted an excuse for his negligence, without objection to the sufficiency of the petition. The statute provides that an executor or administrator may be removed upon the application of an heir, legatee, devisee, creditor, or other person interested in the estate, for unfaithfulness or neglect of his trust, to the probable loss of the applicant (Hill's Ann. Laws, § 1094), and the court may, for like cause, upon its own motion, remove such officer (Hill's Ann. Laws, § 1100): *Re Partridge's Estate*, 31 Or. 297 (51 Pac. 82).

2. When, therefore, the appellant, in obedience to a citation regularly issued, appeared, admitted his delinquency, and submitted to the court the sufficiency of his excuse for the failure to discharge the duties of his trust, it became its duty to determine whether he should be removed or not, and its decision in that regard will not be reviewed on appeal unless abuse appears: *Re Holladay's Estate*, 18 Or. 168 (22 Pac. 750); *McFadden v. Ross*, 93 Ind. 134; *In re Graber's Estate*, 111 Cal. 432 (44 Pac. 165); 1 Woerner, Adm'n, 572.

3. The law makes it the duty of the administrator immediately after his appointment to publish a notice requiring all persons having claims against the estate to present them with the proper vouchers within six months from the date of such notice (Hill's Ann. Laws, § 1131), and also to file an inventory of the property belonging to the estate which shall come into his possession or knowledge within one month after the date of his appointment,

or such further time as the court or judge may allow (Hill's Ann. Laws, § 1112). It is admitted that the administrator in this case failed and neglected to comply with either of the sections referred to, and such failure was a sufficient ground, in the discretion of the court, for his removal: *Re Holladay's Estate*, 18 Or. 168 (22 Pac. 750); *Re Mills' Estate*, 22 Or. 210 (29 Pac. 443). It follows that the decree of the court below must be affirmed, and it is so ordered.                                    AFFIRMED.