Argued 9 October; decided 22 October, 1900.

## MARKS v. COATS.

[62 Pac. 488.]

REMOVAL OF ADMINISTRATOR—CONFLICT OF INTEREST AND DUTY.

In view of Hill's Ann. Laws, § 1167, providing that when the estate of a decedent is insolvent, and deceased has made in his lifetime a conveyance of property which is void as against creditors, it is the duty of the administrator to petition the county court for leave to sue to set such conveyance aside, an administrator of an insolvent estate who is one of the grantees in a series of deeds claimed by creditors to be void for lack of consideration should be removed without regard to the question whether the conveyances are void, since one whose personal interests are in conflict with his duty as administrator is not a proper person to hold the office: *Re Mills' Estate*, 22 Or. 210, followed.

From Douglas: HIERO K. HANNA, Judge.

Petition by Asher Marks, as administrator, against W. H. Coats, as administrator of the estate of Thomas Coats, deceased, for the removal of defendant as administrator. From a decree of the circuit court affirming a decree of the county court in favor of petitioner, defendant appeals.

AFFIRMED.

For appellant there was a brief over the name of *Willis & Rice*, with an oral argument by *Mr. Dexter Rice*.

For respondent there was a brief and an oral argument by *Mr. J. C. Fullerton*.

MR. CHIEF JUSTICE BEAN delivered the opinion.

On December 10, 1895, Thomas Coats died in Douglas County, and his son, the appellant, was appointed administrator of his estate. At the time of his death he was seised and possessed of real and personal property, which was inventoried by the administrator and appraised at $814.38, and was indebted about $2,400, including the sum of $954, and some interest, due petitioner's intestate on a promissory note of date January 4, 1892. In Janu-

ary, 1895, a few months before his death, and while so indebted, he conveyed to his son three hundred and twenty acres of land, valued at from $1,000 to $1,600, and to his daughter, Mrs. Wells, one hundred and sixty acres, of the probable value of $500. Neither of these two tracts of land was included in the inventory filed. On May 22, 1897, the petitioner applied to the county court for the removal of the administrator, alleging that the conveyances to him and Mrs. Wells from the deceased were made and accepted with intent to hinder, delay, and defraud creditors ; that he had fraudulently failed to include such property in the inventory, and was thereby unfaithful to his trust, to the loss of the petitioner. The administrator filed an answer to the petition, in which he admits that he did not inventory the property conveyed to him and his sister, but denies the fraud set out in the petition, and alleges that such property was purchased by them in good faith and for a valuable consideration, and was not included in the inventory, for the reason that no part of it belonged to the estate. Upon a hearing before the county court an order was made removing the administrator, which was affirmed by the circuit court, and hence this appeal.

The statute (Hill's Ann. Laws, § 1112), requires an executor or administrator, within a month from the time of his appointment, or such further time as the court or judge may allow, to make and file an inventory, verified by his own oath, of all the real and personal property of deceased which shall come to his possession or knowledge, and for a willful failure in this respect he may be removed : *In re Holladay's Estate*, 18 Or. 168 (22 Pac. 750). In making such inventory, it is his duty to include property which he knows to have been fraudulently conveyed by his intestate : 2 Woerner, Law Adm. (2 ed.) *666 ; *Minor* v. *Mead*, 3 Conn. 289 ; *Andruss* v. *Doolittle*, 11

Conn. 283. And it has even been held that an adminis-
trator's refusal to inventory property alleged to have been
fraudulently conveyed, when requested by a creditor
of an insolvent estate, is sufficient ground for his re-
moval without. proof that the conveyance was, in fact,
fraudulent: *Andrews* v. *Tucker*, 7 Pick. 250. But whether
the authorities generally go to that extent or not is
immaterial at this time. The statute provides (Hill's
Ann. Laws, § 1167), that, whenever the assets of the
estate are insufficient to satisfy the funeral charges, ex-
penses of administration, and the claims against the es-
tate, and the deceased shall in his lifetime have made or
suffered any conveyance or sale of real or personal prop-
erty, with intent to delay, hinder, or defraud creditors,
or when such conveyance or sale has been so made or
suffered that the same is void as against creditors, it is
the duty of the administrator or executor to make appli-
cation by petition to the county court for leave to com-
mence and prosecute to final judgment or decree the
necessary and proper action, suit, or proceeding to have
such conveyance declared void. Under this section we
conceive the law to be that, where the estate of the de-
ceased is insolvent, and it appears that he made a
conveyance of land in his lifetime, which there is reason-
able ground to believe fraudulent, the creditors have a
right to insist that the administrator shall proceed as
directed by the statute; and if he refuses to do so, or
if his personal interests are such as to prevent him from
doing his official duty in this regard, he is not a suitable
person to be intrusted with the duties of the office, and
should be removed: *In re Mills' Estate*, 22 Or. 210 (29
Pac. 443); *Putney* v. *Fletcher*, 148 Mass. 247 (19 N. E.
370); *Kellberg's Appeal*, 86 Pa. St. 129. We do not deem
this a proper proceeding in which to try the question as
to whether the conveyances from Thomas Coats to his

children were in fact void as to creditors: It is sufficient, for the purposes of this case, that there is reasonable ground to believe them void, and that the respective interests of the appellant and creditors are so adverse that he cannot fairly represent both in a suit to determine the validity of such conveyances. No consideration whatever passed between Thomas Coats and Mrs. Wells for the conveyance to her. The land was subject at the time to a mortgage of $250, which the evidence tends to show she agreed to pay, but subsequently neglected to do so, concluding the land to be worth less than the mortgage. The only alleged consideration for the conveyance to appellant was the labor and services which he had rendered, and was thereafter to render, for his father. No money whatever was paid, and the testimony in reference to the value and extent of his services, and to the contract under which he performed them, is so indefinite and uncertain as to make it quite doubtful whether the conveyance was not a voluntary one, and therefore constructively fraudulent and void as to existing creditors. It is unnecessary to further comment upon the testimony, or to express an opinion upon the merits of the controversy. It is obvious that the creditors' interests demand that appellant be removed, and some disinterested person appointed administrator, who can, if so advised, proceed under section 1167 to determine the question. It follows that the decree of the court below must be affirmed, and it is so ordered.

AFFIRMED.