Argued July 6, decided July 19, 1910.

## BEAN v. PETTENGILL.

[109 Pac. 865.]

EXECUTORS AND ADMINISTRATORS — REMOVAL OF ADMINISTRATOR — GROUNDS.

The court in proceedings to remove an administrator for misappropriation of the assets will not determine the truth of the charge, but where the evidence tends to show that the charge may be true, and where the circumstances show that some person should be in charge for whose interest it will be to cause the charge to be thoroughly investigated, the court will remove the administrator, especially where he had been interested as a tenant in common with decedent and was charged with wrongfully appropriating part of the property held in common.

From Josephine: HIERO K. HANNA, Judge.

Statement by MR. JUSTICE McBRIDE.

This is a proceeding brought by Charles H. Bean, on behalf of himself, Eliza Chapman, and Dora L. Marshall, heirs at law of Charles H. Burton, deceased, to remove defendant as administrator of the estate of said deceased.

Defendant and C. H. Burton, deceased, were tenants in common of certain real property in Josephine County, which was occupied chiefly by deceased; and they were joint owners of certain cattle and other personal property. The petition charges that defendant has wrongfully caused the cattle, owned by himself and deceased, to be wrongfully appraised, and has failed to return a part of the property belonging to the estate of deceased, but

claims it as his own. There are other allegations of mis-
conduct and bad faith on the part of the administrator.
All these allegations are denied by defendant.

A trial was had before the county judge, sitting in pro-
bate, who found for the petitioner, removed defendant,
and appointed Bean as administrator. Defendant
appealed to the circuit court, which reversed the county
court and reinstated defendant. From that decision
plaintiff appeals.                              REVERSED.

For appellant there was a brief and an oral argument
by *Mr. Robert G. Smith.*

For respondent there was a brief and an oral argument
by *Mr. H. D. Norton.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

The evidence taken before the county judge is some-
what conflicting, and we do not think it proper to discuss
it in detail, as it appears probable that the matters urged
in the petition to remove defendant may hereafter
become the subject of litigation. It is sufficient to say
that there is some testimony to support the contention of
the petitioner, and to indicate that the estate may have a
*bona fide* claim against defendant, which cannot be liti-
gated successfully while he remains administrator.

Without expressing any opinion as to the weight of the
evidence adduced by petitioner, we are of the opinion
that it discloses the fact that the apparent antagonism
between the interest of the defendant and the heirs is
such that he ought not to remain administrator, and that
the county judge acted correctly in removing him. We do
not wish to be understood as deciding that any charge of
misappropriation of assets of the estate is true, because
we do not conceive that such a question can be litigated
in the present proceeding. We only hold that there is
evidence tending to show that such charges may be true,
and that, under the circumstances, some person should be

in charge of the estate whose interest it will be to cause the alleged delinquencies to be thoroughly investigated.
The decree of the circuit court is reversed.

REVERSED.