---

Argued November 2, decided November 28, 1911.

## MANSER'S ESTATE.
## MANSER *v.* BAKER.

[118 Pac. 1024.]

EXECUTORS AND ADMINISTRATORS — FAILURE TO FILE INVENTORY — LIABILITY.

1. The failure of an executor to comply with Section 1177, L. O. L., requiring an executor within one month from his appointment to file an inventory, is a breach of duty which may justify his removal, and the court may, in its discretion, find that the failure of an executor to file an inventory until July 15th, while he was appointed March 22d, was not excused by the absence of one of the appraisers, and the necessity to obtain information as to property of testator in a sister state.

APPEAL AND ERROR—PLEADINGS—ERRONEOUS EXCLUSION OF EVIDENCE.

2. Where the want of a reply to new matter in an answer operated to admit the truth of the new matter, so that the same raised a question for the court to determine in its discretion, the exclusion of testimony on that subject, was not prejudicial.

NEW TRIAL—AFFIDAVIT—GROUNDS—DILIGENCE.

3. An affidavit in support of a motion for rehearing in the circuit court, which fails to show that a fact relied on was not remembered at the time the cause was tried in the circuit court, when the evidence could have been produced, does not show that the circuit court abused its discretion in refusing to grant a new trial.

EXECUTORS AND ADMINISTRATORS — JURISDICTION — DISCOVERY PROCEEDINGS.

4. The discretionary power of the county court, in the exercise of its probate jurisdiction, to entertain proceedings in the nature of a discovery

against one charged with an appropriation of property of decedent's estate is exhausted with the disclosure, and it cannot be extended to determine the title to the property when asserted to be in another; but such right must be litigated in a court of ordinary jurisdiction.

EXECUTORS AND ADMINISTRATORS—REMOVAL OF EXECUTORS—ISSUES.

5. Where an executor, in answer to a petition for his removal on the ground of maladministration in claiming property of the estate, alleged a gift by decedent to him of the property, he manifested an interest adverse to the beneficiaries, authorizing his removal; but the county court had no jurisdiction to determine the question of gift.

EXECUTORS AND ADMINISTRATORS—CONFLICTING INTERESTS—REMOVAL.

6. An executor is a *quasi* trustee, and should be indifferent between the estate and claimants of the property, except to preserve it for due administration; and when his interest conflicts with such right and duty, resulting from his claiming property of the estate under a gift from testator, the county court may, in the exercise of a sound discretion, remove him.

From Baker: WILLIAM SMITH, Judge.

Statement by MR. JUSTICE MOORE.

This is a proceeding to remove an executor. Andrew A. Manser duly made a last will and testament, wherein he appointed William Baker executor, and authorized him to discharge the trust without the necessity of giving bonds. Manser died February 19, 1910, leaving as his only heirs his brothers, Nicholas, Christopher, and Peter, and his sisters, Mary E. Rinkey and Mrs. John Kolbe, to whom he bequeathed several sums of money, aggregating $7,300. The will was admitted to probate in Baker County March 22, 1910, and letters testamentary were issued to the executor, who thereupon duly qualified. At the same time, appraisers were appointed, who, on July 15, 1910, filed an inventory of the property of the estate, containing an item as follows:

"Two New York drafts for $2,000.00 each, which the executor produces and states were given to him as a gift by deceased on his last illness, $4,000.00."

The executor, on January 26, 1911, filed his first semi-annual account in which it was averred "that prior to the making of his said last will and testament the said

deceased delivered and gave to the said William Baker, as a personal gift to him, and as compensation for his services theretofore given by him to the said deceased, two bank drafts issued by the Dillon State Bank of Dillon, Montana, in the sum of two thousand dollars each, and that he has received the same." The account also showed that after deducting $1,112.68, disbursed by the executor, there remained on hand funds belonging to the estate amounting to $5,415.28, besides unpaid promissory notes, appraised at $2,760, not including interest, and that there were no legitimate claims against the estate, except the sum of money so bequeathed, to discharge which the executor petitioned for an order to sell certain real property of which the testator died seised.

The legatees interposed objections to the petition for an order to sell any land, asserting that with the $4,000, to which Baker laid claim, there was on hand $9,415.28 in money, which sum was sufficient for all purposes. They also petitioned for the removal of the executor, on the grounds of his failure to file an inventory within the time prescribed by law, and that he had been guilty of fraud and maladministration in claiming the $4,000 by reason whereof there was a direct conflict of interest between the estate and him, whereby he could not be indifferent in the matter. The legatees also averred, on information and belief, that the executor was without means or property, and there was danger of his abusing the trust in fraudulently administering the estate to their prejudice.

A citation was thereupon issued and served upon Baker, who, on March 2, 1911, filed an answer, denying generally each averment of the petition, and alleging that the inventory could not have been filed earlier than it was, because one of the appraisers was absent, and that the report was delayed in order to obtain information regarding property belonging to the estate at Dillon, Montana; that for six years prior to his death Manser had been the

personal friend of the executor, who at the testator's request went from Baker, Oregon, to San Diego, California, to care for him, and in consideration thereof was given two drafts, amounting to $4,000, setting forth at length the circumstances of the alleged donation, and tending to show that the management of the estate had been faithful and honest.

No reply having been filed, the executor, on April 3, 1911, insisting upon a default in this particular, moved the court for a decree on the pleadings, dismissing the petition, which motion was that day argued and submitted, but no ruling was made thereon. Three days thereafter, without the introduction of any testimony, the county judge found the facts as averred in the petition, and made an order, removing the executor, requiring him forthwith to file a final account and to turn over to the county clerk all personal property belonging to the estate, including the two drafts of $2,000 each; the order declaring that a failure promptly to comply therewith should be deemed a violation of law. Baker appealed from such order to the circuit court for that county, and, in lieu of a stay bond, deposited with the county clerk the property referred to, including two drafts of $2,000 each, issued to him by the State Bank of Dillon, Montana, in exchange for like drafts which that bank had given to the testator. The appeal having been tried, the findings made by the county court were approved and its order affirmed, whereupon a motion for a rehearing was interposed, supplemented by affidavits, and particularly the sworn statement of the former county judge of that county, who had admitted the will to probate, deposing that in consequence of the absence of one of the appraisers of the estate the time was extended in which to file the inventory, but that no order to that effect was entered of record. A rehearing having been denied, Baker appeals to this court.    AFFIRMED.

For appellant there was a brief over the names of *Mr. Gustav Anderson,* with an oral argument by *Mr. C. T. Godwin.*

For respondent there was a brief over the names of *Messrs. Clifford & Clifford,* with an oral argument by *Mr. Morton D. Clifford.*

Mr. Justice Moore delivered the opinion of the court.

1. Upon the petition of any legatee, showing that an executor has in any way been unfaithful to or neglected his trust, notice thereof must be served upon the representative of the decedent's estate, and if the court find the charge to be true it shall make an order removing the executor and revoking his letters. Section 1159, L. O. L. Within one month from his appointment, or during such further time as the court or judge may allow, an executor or administrator is required to file with the clerk an inventory of all the property of the deceased that has come to his possession or knowledge. Section 1177, L. O. L. A failure to comply with this mandate constitutes a breach of duty which may render the person, upon whom the obligation rests, liable to removal. *In re Holladay's Estate,* 18 Or. 168 (22 Pac. 750) ; *In re Mill's Estate,* 22 Or. 210 (29 Pac. 443) ; *In re Barnes' Estate,* 36 Or. 279 (59 Pac. 464.)

It will be remembered that appraisers were appointed March 22, 1910, but that no inventory of the estate was filed until July 15th of that year. For the failure to comply with the requirement of the statute in this particular, the answer to the petition avers that the delay was occasioned by the absence of one of the appraisers, and also to acquire information respecting some property of the deceased at Dillon, Montana. The allegation referred to presented an apology for the procrastination, and it was within the discretion of the county court to determine whether or not the excuse was sufficient. That tribunal

determined the extenuating circumstances relied upon were inadequate to exculpate the delay in failing to comply with the demand of the statute, and the conclusion thus reached was affirmed by the circuit court.

2. If the want of a reply to the averment of new matter in the answer, respecting the cause of the delay to file the inventory, admitted the truth of such allegation, the validity and sufficiency of the excuse remained and was to be determined as a matter of discretion, so that Baker was not prejudiced by being deprived of an opportunity to offer testimony on that subject.

3. After the cause was decided by the circuit court, a justification for the delay was undertaken to be established by supplemental affidavits, offered in support of a motion for a rehearing. It is stated in one of the affidavits that when the answer to the petition was prepared the county judge's allowance of further time in which to file the inventory was overlooked. It nowhere appears, however, that such fact was not remembered at the time the cause was tried anew in the circuit court, when that evidence could have been produced. The affidavits do not make such a case as to show that the circuit court abused its discretion in refusing to grant a new trial.

4. Considering the executor's alleged adverse interest as another ground for his removal, the rule is settled in this State that, while a county court, in the exercise of its probate jurisdiction, has authority to entertain proceedings in the nature of a discovery against a person charged with an appropriation of property belonging to a decedent's estate, such power is exhausted with the disclosure, and cannot be extended to determine the title to the property when asserted to be in another, which right must be litigated in a court of ordinary jurisdiction. *Gardner* v. *Gillihan,* 20 Or. 598 (27 Pac. 220) ; *Dray* v. *Bloch,* 29 Or. 347 (45 Pac. 772) ; *In re Bolander's Estate,* 38 Or. 490 (63 Pac. 689) ; *Harrington* v. *Jones,* 53 Or. 237 (99 Pac. 935).

5. The answer to the petition manifests an interest, claimed by Baker, that is adverse to the legatees, respecting the ownership of the drafts for $4,000, and the county court was powerless to determine the question of a gift *causa mortis,* though undertaken to be set forth by the executor. The averment of Baker's title to the property was tantamount to a disclosure, and rendered it unnecessary to controvert by a reply such allegation. The motion for a decree on the pleadings invited a determination of the issue of law as to whether or not the executor's interest was so antagonistic as to require his removal, in the exercise of a sound discretion.

6. It was impossible for Baker to bring an action against himself to determine his right to the $4,000, and he cannot be permitted to be the judge of his own title to the property, when other parties assert a claim to it. An executor is a *quasi* trustee, who should be indifferent between the estate and claimants of the property, except to preserve it for due adminsitration, and when his interest conflicts with such right and duty the county court, in the exercise of a sound discretion, may remove him. *In re Mill's Estate,* 22 Or. 210 (29 Pac. 443) ; *Marks* v. *Coats,* 37 Or. 609 (62 Pac. 488).

The executor herein was not required to give a bond for the faithful performance of his duties. If he had appropriated the $4,000, and the right of the petitioners to the money could be established by judgment, they would be remediless, unless he possessed sufficient property out of which the amount could be made. In his answer Baker did not offer to execute an undertaking, whereby the legatees could have been indemnified for any loss they might have sustained, and as his interest is adverse to theirs, and possibly to the rights of the estate, his removal was an exercise of sound discretion, which should not be disturbed.

It follows that the decree of the circuit court should be affirmed, and it is so ordered.        AFFIRMED.