Argued October 9, affirmed October 27, 1916.

## IN RE MARKS' ESTATE.

(160 Pac. 540.)

**Executors and Administrators—Sale of Realty—Jurisdiction of County Court.**

1.  By the publication of a citation to some of the parties interested in an estate and personal service as to the others, the County Court acquired jurisdiction to make a decision on the matter of an administrator's application for an order to sell realty.

**Executors and Administrators—Sale of Realty—Order—Review.**

2.  In the absence of any direct provision for setting aside an order for an administrator's sale of realty, Section 103, L. O. L., providing that the court may allow an answer or reply to be made after the time limited by the Code, and may within one year after notice thereof relieve a party from an order taken against him through his mistake, inadvertence, etc., orders made in the exercise of the court's discretion are not reviewable except for abuse of discretion, and a refusal to vacate an order for an administrator's sale of realty on the ground that it was made without actual notice to part of the petitioners was not an abuse of such discretion.

**Executors and Administrators — Sale of Realty — Order — Vacation— Answer.**

3.  Under Section 59, L. O. L., providing that defendants against whom publication has been ordered may, upon good cause shown, be allowed to defend within one year after judgment, parties seeking the vacation of an order for an administrator's sale of realty and for permission to make objections and defenses thereto would be denied relief for failure to tender an answer with the petition.

**Executors and Administrators—County Court—Removal of Administrator—Discretion.**

4.  County Courts are vested with a very large discretionary power over the conduct of executors and administrators.

Executors and Administrators — Qualification — Surety of Former Administrator.

5. The surety of a former administrator is not necessarily disqualified from acting as administrator *de bonis non* because of a potential interest which may thereafter appear, but to justify his removal something more should appear, as the court cannot presume that he will squander the estate or fail to properly administer it.

Descent and Distribution—Executors and Administrators—Surcharging Administrator.

6. Parties interested in an estate may surcharge an administrator's final account if he fails to reduce its choses in action to possession, and, if he refuses to collect debts owing the estate and properly apply the proceeds, the heirs may themselves realize upon them in the interest of the estate.

Executors and Administrators—Administrator's Indebtedness—Liability of Sureties.

7. If an administrator owes an estate, his debt will be reckoned as so much money on hand for which his sureties will be liable.

From Douglas: LAWRENCE T. HARRIS, Judge.

Department 2.    Statement by MR. JUSTICE BURNETT.

This litigation originated in the County Court of Douglas County. The matter before us has a double aspect. It appears from the petition to that tribunal that E. L. Parrott was appointed administrator *de bonis non* of the estate of S. Marks, deceased, and of the partnership estate of S. Marks & Co., of which said decedent was one of the partners. H. Wollenberg had previously been administrator *de bonis non* of those estates succeeding a deceased administrator, and Parrott had underwritten his bonds with others. The petition recites the relationship of the petitioners to S. Marks, the history of the partnership, the removal of Wollenberg, and the appointment and qualification of Parrott. It also recounts the appointment of one Asher Marks as the first administrator of those estates and his death, leaving the estates unadministered. It avers various shortcomings of Wollenberg. All it says about Parrott, besides the fact that he was one of the sureties of Wollenberg on his official bond, is this:

"That said Herman Marks, as executor, and the sureties on the official bond of Asher Marks, as administrator of the estates of S. Marks, deceased, and said H. Wollenberg as administrator *de bonis non* of the estate of S. Marks, deceased, and S. Marks & Co., and as administrators of the copartnership of S. Marks & H. Wollenberg, and the sureties on his official bonds, must account to the administrator *de bonis non* of said estates in the premises, and the County Court of the State of Oregon has original and exclusive jurisdiction of the same; and E. L. Parrott, present administrator *de bonis non* of said estates, is disqualified to act in the premises by reason of his being a surety on each of said official bonds of H. Wollenberg; that accountings and settlements of both said copartnerships and said former administration of Asher Marks and H. Wollenberg are necessary to be had before any final account and settlement of said estates can be ordered, and they cannot be proceeded with until the present administrator, E. L. Parrott, is removed, and a qualified administrator *de bonis non* appointed in his place."

The County Court dismissed the petition to remove Parrott, and this action was affirmed on appeal to the Circuit Court. Heard with this, by agreement of counsel, was the matter of a petition filed by the same petitioners on April 26, 1911, in the County Court to vacate an order of sale of real property secured by Parrott as administrator on February 1, 1911. Jurisdiction for the making of such order was acquired partly by publication and partly by personal service of citation. The petition to vacate the order makes no question about the regularity of service, but alleges that the order was made without actual notice to three of the petitioners. They declare that, if they had received such notice or information of the proceedings, they could and would have defended against the application on certain grounds which they allege. The

County Court denied this petition and refused to vacate the order of sale. An appeal was taken by these petitioners to the Circuit Court which there affirmed the decision of the County Court. In both these matters the original petitioners have appealed to this court.

AFFIRMED.

For appellants there was a brief with oral arguments by *Mr. Commodore S. Jackson* and *Mr. Edward B. Watson.*

For respondent there was a brief and an oral argument by *Mr. George M. Brown.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1, 2. All that appears in the abstract in the way of pleadings are the petitions for the removal of Parrott and for the vacation of the order of sale. As to the latter, it is sufficient to say that by the publication of a citation to part of the petitioners and personal service as to the others the County Court acquired jurisdiction to make a decision in the matter involved. It is not by the mark at the present juncture to say whether that decision was right or wrong in point of law. Having jurisdiction of the subject matter and of the parties, the court had a right to decide either correctly or erroneously. In the statute relating to the administration of estates there is no direct provision for setting aside an order of sale. The petitioners claim they were entitled to relief by virtue of the provisions of Section 103, L. O. L., reading thus:

"The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by this Code, or by an order enlarge such time;

and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.''

It will be observed that relief under this section is explicitly referred to the discretion of the court, and it has been constantly held that orders made in the exercise of this prerogative are not reviewable on appeal except for abuse of the power. The record before us does not disclose any such situation. Hence, so far as relates to Section 103, L. O. L., the matter of the vacation of the order may be dismissed without further attention; it not being an appealable order.

3. If the petitioners base their contention on Section 59, L. O. L., allowing them as a matter of right, as decided in *Felts* v. *Boyer,* 73 Or. 83 (144 Pac. 420), to answer within one year after default decree taken on publication of summons, they yet must fail because they did not tender their answer with their petition to vacate the order of sale. On the contrary, they pray for ''an order vacating and setting aside said order of sale of February 1, 1911, and allowing them to make said and any other proper objections and defenses to said petition for the sale of real property as they may be advised and believe proper to do under Section 103 of B. & C. Code Laws of Oregon.'' The answer was avowedly *in futuro* and might or might not have been filed. In *Mayer* v. *Mayer,* 27 Or. 133 (39 Pac. 1002), and *Egan* v. *North American Loan Co.,* 45 Or. 131 (76 Pac. 774, 77 Pac. 392), this court has decided that the proper practice in such cases is to tender the proposed answer with the application to take off the default. The court will not set aside a decree and leave the way open for such experiments *ad libitum* as may suggest themselves to ingenious

counsel. It is only for "sufficient cause shown" that
the belated defendant will be let in. An answer to
the merits tendered with the application is an essential
part of the procedure wanting in this instance.

4–7. As to the matter of removal of the adminis-
trator, it is said by Mr. Justice EAKIN in this self-same
case, *In re S. Marks & Co's Estate,* 66 Or. 340, 346
(133 Pac. 777, 779), that:

"In the very nature of things, County Courts are
vested with a very large discretionary power over the
conduct of executors and administrators."

This was stated with reference to the removal of
Wollenberg as administrator *de bonis non.* The al-
legation here against Parrott is a mere conclusion of
law. No charge is made that he has proved unfaith-
ful to his trust in any manner whatever, yet this is
one of the grounds authorizing the removal of an ad-
ministrator under Section 1159, L. O. L. We might
imagine that in the future complications could possibly
arise, where his personal interests would conflict with
his official duty; but no such situation is yet presented.
It does not follow as a matter of law that the surety
of a former administrator is necessarily disqualified
because of a potential interest which might afterward
appear. The same objection might be urged against
the appointment of a creditor of a decedent to admin-
ister the estate of the latter. Debtors of an estate
are often appointed to its administration. Something
more should appear in the petition than the bare fact
that Parrott had been surety for a former adminis-
trator. We cannot presume that he will squander the
estate or fail to properly administer it. The petition-
ers are not without remedy in the premises, for they
may surcharge his final account if he squanders the
estate or fails to reduce its choses in action to posses-
sion. If he owes the estate, his debt would be reckoned

as so much money on hand for which his sureties would be liable under *United Brethren* v. *Akin,* 45 Or. 247 (77 Pac. 748, 2 Ann. Cas. 353, note, 66 L. R. A. 654). If he refuses to collect debts owing to it and properly apply the proceeds, the heirs by suitable litigation may themselves realize upon them in the interest of the estate under the doctrine announced in *Hillman* v. *Young,* 64 Or. 73 (127 Pac. 793, 129 Pac. 124).

We are not unmindful of what has been said by this court in the cases of *In re Estate of Mills,* 22 Or. 210 (29 Pac. 443), *Marks* v. *Coats,* 37 Or. 609 (62 Pac. 488) ; *Bean* v. *Pettengill,* 57 Or. 22 (109 Pac. 865), and *Man-ser's Estate,* 60 Or. 240 (118 Pac. 1024). In all those instances there was a direct conflict between the estate and the administrator as to the title to certain property in which it was impossible for him to act indifferently. They each present a situation where the administrator claimed as his own certain property which had and as the petitioners averred yet belonged to the decedent, all of which was made to appear by appropriate pleading. In the present juncture the liability of Parrott is at best secondary and may never arise. When it does, it will be time enough to suspend his activities in the fiduciary capacity under consideration. It would invade the discretionary power of the County Court over administrators if upon the showing made we should sanction the removal of the present administrator, especially where the petitioners have so many means of protecting their interests in the estate.

The decree of the Circuit Court is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BEAN concur.

MR. JUSTICE HARRIS took no part in the consideration of this case.