Argued November 12, 1929, on demurrer to alternative writ of mandamus; demurrer overruled January 7, rehearing denied February 11, 1930

## STATE ex rel. HUBER v. TAZWELL, Judge of Department No. 7

(283 P. 745)

· *Ralph H. King* and *W. Lair Thompson,* both of Portland (L. A. McNary and Edward J. Clark, both of Portland on the brief) for plaintiff.

*Charles T. Haas* of Portland (Barge E. Leonard of Portland on the brief) for defendant.

RAND, J. An alternative writ of mandamus was issued out of this court in an original proceeding brought by the state on relation of Lenna Huber, requiring the defendant as judge of the probate department of the circuit court for Multnomah county to fix the amount of a supersedeas or stay bond to be given by relator pending her appeal from a decree rendered in said circuit court, or else show cause for not having done so. The decree appealed from was rendered in a contest of the will of Charles E. Wayne, instituted by Mattie V. Wayne, his widow, upon the sole ground that it had been procured by the undue influence of relator. Testator died on August 15, 1928, leaving an estate consisting of both real and personal property in Multnomah county. By his will, he appointed relator, his niece, as executrix of his will and bequeathed and devised to her the greater portion of his property and to his widow, in lieu of dower, he bequeathed the sum of $4,000. The will was probated in common form and letters testamentary were issued to relator. The contest proceedings were instituted after the administration of the estate had been substantially completed but before any distribution of the property had been made. Upon the trial in the court below of the contest proceedings, the court entered a decree holding the will to be invalid and revoked the appointment of relator as executrix and appointed Mattie V. Wayne as administratrix of the estate of decedent, and, from this

decree, the relator appealed and moved the lower court to fix the amount of the undertaking to be given by relator to stay the· proceedings and suspend the enforcement of the decree until her appeal could be heard and determined, which motion was denied. The relator thereupon tendered to the court an undertaking in the sum of $100,000, and offered to furnish any further undertaking in an amount to be fixed by the court which the court might require to stay the proceedings pending the appeal, but the court denied the offer and refused to permit the proceedings to be stayed pending the appeal, whereupon these proceedings were commenced in this court and the writ issued. To this writ defendant has demurred upon the ground, first, that the relator has no right to appeal from the decree, and second, that if the right to appeal does exist, there is no authority in law for a stay of proceedings where the appeal is from a decree removing an executor or administrator. There is no contention upon the part of defendant that any essential allegation is lacking in the writ, his sole contention being the objections above stated.

The writ states *inter alia,* and the demurrer admits, that relator was required by the decree appealed from and did, pursuant thereto, deposit in the Hibernia Commercial and Savings Bank of Portland, Oregon, and place in the custody of said bank all of the personal assets of the estate of decedent which had come into her possession as executrix and that they are now impounded in that bank and will remain therein so far as relator is concerned until her appeal has been determined. A stay of proceedings, pending the appeal, can therefore, injuriously affect no beneficiary under the will should it be sustained and no heir of decedent should the decree appealed from be affirmed. These

matters having been disposed of, defendant's objection to the granting of a stay of proceedings will now be considered.

■ The general rule applicable to the right of an executor or administrator to appeal from a decree revoking letters testamentary or of administration is that ordinarily such an appeal will lie. See 23 C. J., p. 1107. In this state the right of a removed executor or administrator to appeal is well settled: *Holladay v. Holladay,* 16 Or. 147 (19 P. 81) ; *In re Holladay's Estate,* 18 Or. 168 (22 P. 750) ; *Marks v. Coats,* 37 Or. 609 (62 P. 488) ; *Bean v. Pettengill,* 57 Or. 22 (109 P. 865) ; *Menser v. Baker,* 60 Or. 240 (118 P. 1024) ; *In re Hough's Will,* 120 Or. 223 (251 P. 711). Under these authorities, relator's right to appeal from the decree revoking her appointment as executrix is clear. She is also entitled to appeal for she is the real party aggrieved by the decree invalidating the will.

■ The objection urged by defendant that there can be no stay of proceedings in an appeal from a decree revoking letters testamentary finds no support in our statutes. Section 551, Or. L., after providing for the usual undertaking which may be given upon appeal, then directs:

"* * * but such undertaking does not stay the proceedings, unless the undertaking further provides to the effect following: * * *

"3. If the decree appealed from require the transfer or delivery of any personal property, unless the things required to be transferred or delivered be brought into court, or placed in the custody of such officer or receiver as the court may appoint, that the appellant will obey the decree of the appellate court. The amount of such undertaking shall be specified therein, and be fixed by the court or judge thereof."

This clearly provides for a stay of proceedings pending an appeal upon the giving of the undertaking provided for in the statute. The express provision that "such undertaking does not stay the proceedings, unless the undertaking further provides, etc.," clearly implies that, if the undertaking provided for is given, then the proceedings are to be stayed. We think that under our statute, where the facts are as those involved here, the trial court is bound to allow a supersedeas or stay as a matter of right in all cases coming within the application of the statute, and that this case comes fairly and reasonably within the operation of the statute. The general rule is stated in 3 C. J., p. 1290, as follows:

"* * * As a rule a supersedeas or stay should be granted, if the court has the power to grant it, whenever it appears that without it the objects of the appeal or writ of error may be defeated, or that it is reasonably necessary to protect appellant or plaintiff in error from irreparable or serious injury in case of a reversal, and it does not appear that appellee or defendant in error will sustain irreparable or disproportionate injury in case of affirmance."

As we have stated, no injury can result to the widow or to any heir of decedent by the granting of a stay of proceedings in this case, while, if there is no stay of proceedings, the rights of relator, if the will is upheld upon the appeal, will be injuriously affected. There will be additional attorney's fees incurred by the new administratrix and compensation allowed to her as provided for in the statute which, if the will is upheld, must, under its terms, come out of the property devised and bequeathed to relator under the terms of the will. Under such circumstances, it is just and proper that proceedings be stayed until it be deter-

mined upon the appeal, whether the property of decedent shall pass under the will or descend to his heirs.

■ Pending the appeal and until the matter is finally determined, the will having been declared invalid, the office of executrix ceases notwithstanding the appeal from the order revoking the probate of the will. The relator can no longer discharge or exercise any of the functions of her office as executrix and, if upon the appeal it is determined that the will is invalid, her rights, powers and duties are at an end, but if the will is held to be valid, then she can resume the exercise of her functions as executrix at the point where she left off at the time of her removal.

■ Defendant relies upon *Knight v. Hamaker,* 33 Or. 154 (54 P. 277, 659). In that case the removed party was an administrator and not an executor. As was held in that case, an administrator derives his authority exclusively from the appointment of the county court and when such authority is withdrawn or revoked, his power to act for the estate necessarily ceases and upon his removal the administration of the estate immediately devolves upon his successor. But an executor does not derive his authority exclusively from the appointment by the county court. At common law the executor derived his authority solely from the will by which he was appointed: 23 C. J., p. 1019. Under our statute, while the executor derives his authority primarily from the will, the mere nomination standing alone is not sufficient to constitute one an executor. The appointment must be recognized and confirmed by the county court and, while it is the duty of the county court to appoint the executor named in the will if he is not disqualified under the statute, yet issuance of letters testamentary are essential to give him authority to act and when he is removed by the

county court for cause, until reinstated, he has no power to act or to bind the estate in any manner. While these considerations have nothing to do with the real question involved here, they are mentioned only because referred to and insisted upon by defendant.

We are clearly of the opinion that it was the duty of the defendant to grant a stay of proceedings pending the appeal and that his refusal to perform that duty entitled relator to the issuance of the writ. For these reasons, the demurrer to the writ will be overruled, and it is so ordered.