Argued September 14; affirmed October 25, 1938

# In re ELDER'S ESTATE
(83 P. (2d) 477, 119 A. L. R. 302)

*W. C. Winslow*, of Salem, for appellant.

*A. E. Clark*, of Portland (Clark & Clark, R. R. Bullivant, all of Portland, and Carson & Carson, of Salem, on the brief), for respondents.

RAND, J.   Hannah E. Elder died testate in Marion county, Oregon, on November 7, 1935, leaving an estate of both real and personal property in said county.   In and by the terms of the will, she gave her property in three equal shares, one-third thereof to her daughter, Grace Neibert, one-third to her daughter, Maude Smith; the remaining one-third she divided into equal parts and gave one part thereof to her son, W. A. Elder, one part each to Gale Missler and Margaret Lee, the son and daughter of a deceased daughter, and one part to Peggy Jane Missler, a granddaughter.

Under the will, Grace Neibert was named as executrix and it was provided that no bond should be required of her while so serving.   The will was probated on November 25, 1935, and letters testamentary were issued to her on that day.   Notwithstanding her said appointment, she filed no inventory until more than eight months thereafter.

Section 11-301, Oregon Code 1930, requires an executor or administrator, within one month from the date

of his appointment, or such further time as the court or judge thereof may allow, to make and file with the clerk an inventory, verified by his own oath, of all the real and personal property of the deceased which shall come to his possession or knowledge. So far as the record shows, no application for an extension of time for the filing of the inventory was made and no extension was granted. In *In re Holladay's Estate*, 18 Or. 168 (22 P. 750), it was held that a failure to make and return an inventory of the estate by an executor or administrator within the time allowed by law is a violation of duty for which he is subject to removal. A like ruling was made in *Marks v. Coats*, 37 Or. 609 (62 P. 488), where the court said: "for a willful failure in this respect he (the executor or administrator) may be removed." To the same effect, see *Manser's Estate*, 60 Or. 240 (118 P. 1024); and cases there cited.

The inventory as filed omitted any reference to the sum of $4,731.59, which the testatrix had on deposit in the Ladd & Bush Bank in Salem, Oregon. It also omitted any reference to certain sums of money which the evidence taken upon the hearing tends to show the testatrix had, in her lifetime, paid out in satisfaction and discharge of certain mortgages on lands belonging to the executrix or to her husband, for which they, and not the testatrix, were liable.

Because of the omission first above referred to, all the beneficiaries under the will except the testatrix filed a petition in the county court, setting up that the sum so omitted from the inventory was an asset belonging to the estate and was claimed by the executrix as moneys belonging to her and not to the estate, and praying that she be removed and an administrator with the will annexed be appointed to administer the estate, or, in lieu thereof, that the executrix be required to give a

good and sufficient bond for the faithful discharge of her duties. The executrix answered said petition, denying substantially all the allegations of the petition.

Upon the issues thus raised, a hearing was had in the county court and a ruling was there made and entered, denying the relief prayed for in the petition. An appeal was then taken to the circuit court for Marion county and an order was made in said court reversing the order of the county court and directing the county court to remove the executrix and appoint an administrator with the will annexed. An order was entered in the county court reversing its former order and removing the executrix and appointing another person as administrator with the will annexed. From the order of the circuit court, the executrix has appealed.

The evidence offered upon the hearing by the executrix tended to show that the testatrix, prior to her death, had entered into a contract with Ladd & Bush Bank, by which it was agreed that said deposit in said bank should be converted into a joint account of the testatrix and her daughter, Grace Neibert, and be subject to check by either one of them and, upon the death of one, should pass to the survivor. Other evidence tended to show that the testatrix had been fraudulently induced to enter into said contract. The petitioners also offered evidence tending to show that the testatrix, in her lifetime, had advanced certain sums of money for her said daughter to obtain the satisfaction and discharge of certain mortgages on properties belonging to the executrix or her husband, for the payment of which the testatrix was not liable, and that the same constituted an indebtedness of the executrix to the estate for which she should be compelled to account.

■■ The questions thus raised can only be determined by a suit in equity and are not within the jurisdiction of the county court or of the appellate court in this form of proceeding. Although section 11-101, Oregon Code 1930, provides that the mode of proceeding in the county court, when exercising the jurisdiction of probate matters, is in the nature of a suit in equity as distinguished from an action at law yet it is well settled by the decisions of this court that the county courts are not vested with general equity powers and that, if equity powers are to be exercised, recourse must be had to a court of chancery even if the subject matter of the suit may have been indirectly involved in the probate court. To the same effect see *Marks v. Coats,* 37 Or. 609 (62 P. 488); *Hillman v. Young,* 64 Or. 73 (127 P. 793); and *In re Mannix Estate,* 146 Or. 187 (29 P. (2d) 364). In the Marks case the court, after stating the proceedings had upon a petition for the removal of an administrator is not a proper proceeding in which to try the question as to whether certain conveyances therein complained of were in fact void as to creditors, then said:

"It is sufficient, for the purposes of this case, that there is reasonable ground to believe them void, and that the respective interests of the appellant and creditors are so adverse that he cannot fairly represent both in a suit to determine the validity of such conveyances."

■ It is well settled in this state that a person, whose personal interests are so adverse to the interests of the estate, and of those entitled to its distribution, that both cannot be fairly represented by the same person, is not a proper person to administer the estate. See *In re Holladay's Estate,* 18 Or. 168 (22 P. 750); *In re Mill's Estate,* 22 Or. 210 (29 P. 443); *In Manser's*

*Estate,* supra; *In re S. Marks & Co.'s Estate,* 66 Or. 340 (133 P. 777); *Bean v. Pettengill,* 57 Or. 22 (109 P. 865). In *In re S. Marks & Co.'s Estate,* supra, the court said:

"* * * The administrator's duties are those of a trustee, and he should be such a person as can and will carefully guard the interests of the estate and of the distribution thereof. He should be an indifferent person as between the claimants thereto".

In *Manser's Estate,* supra, the court said:

"It was impossible for Baker to bring an action against himself to determine his right to the $4,000, and he cannot be permitted to be the judge of his own title to the property, when other parties assert a claim to it. An executor is a quasi trustee, who should be indifferent between the estate and claimants of the property, except to preserve it for due administration, and when his interest conflicts with such right and duty the County Court, in the exercise of a sound discretion, may remove him."

■ There is a conflict in the testimony concerning the matters above referred to which may hereafter become the subject of litigation. Without passing upon the truth of any of the charges made, we are of the opinion that, under the evidence before us in the present proceeding, there is such an apparent antagonism between the interests of the executrix and the other beneficiaries under the will that she ought not to remain as executrix and that the circuit court acted correctly in directing the county court to remove her and to appoint another person as administrator with the will annexed. The statement found in *Bean v. Pettengill,* supra, we think is appropriate here. In that case, the court said:

"* * * We do not wish to be understood as deciding that any charge of misappropriation of assets of the estate is true, because we do not conceive that such a question can be litigated in the present proceed-

ing. We only hold that there is evidence tending to show that such charges may be true, and that, under the circumstances, some person should be in charge of the estate whose interest it will be to cause the alleged delinquencies to be thoroughly investigated."

■ The executrix cites *Winters v. Winters*, 159 Or. 637 (81 P. (2d) 140), as an authority showing that the removal of the executrix in the present case was unauthorized. There were circumstances present in that case which are not present in this proceeding. Every case must be decided in accordance with the particular facts there involved. Under the facts presented here, we do not think that this case comes within the ruling made in the Winters case, because a different set of circumstances are involved here from those which were involved in that case.

Under the authorities cited above, which we deem applicable to the present proceeding, the decree appealed from should be affirmed, and it is so ordered.