Argued March 27; affirmed April 23, 1940

IN RE ELDER'S ESTATE

NEIBERT *v.* SMITH ET AL.

(101 P. (2d) 412)

Department 2.

*W. C. Winslow,* of Salem, for appellant.

*Custer E. Ross* and *Asa L. Lewelling,* both of Salem (Clark & Clark, of Portland, and Ross & Ford, of Salem, on the brief), for respondents.

BELT, J. This is an appeal from a decree of the circuit court sustaining objections to certain items of the final account in the estate of Hannah E. Elder, deceased.

Hannah E. Elder died testate on November 11, 1935, leaving an estate consisting of real and personal prop-

erty of the appraised value of $9,864.68. The testatrix named her daughter Grace Neibert as executrix of the estate and letters testamentary were issued to her. Proceedings were instituted to remove the executrix for the reason that her interests were antagonistic to those of other beneficiaries under the will. The probate court refused to remove the executrix but, on appeal to the circurit court, it was so ordered. On appeal to this court (*In re Elder's Estate,* 160 Or. 111, 83 P. (2d) 477, 119 A. L. R. 302), the decree of the circuit court directing the removal of the executrix was affirmed.

The principal controversy relative to the propriety of permitting Grace Neibert to act in the administration of the estate arose by reason of her failure to include in the inventory of the assets of the estate the sum of $4,731.59 which the testatrix had on deposit with Ladd & Bush Bank in Salem, Oregon. It was the contention of Grace Neibert that this money belonged to her by virtue of a certain agreement which she had with her mother. Other beneficiaries under the will, however, asserted that this money was owned by the estate and that the executrix had no agreement with her mother in reference to the same. The ownership of the fund on deposit is not an issue here. Such matter is pending for determination in a separate proceeding. We have adverted to the same in order that the objections to the final account may be better comprehended.

Upon her removal the executrix filed her final account listing among other things her fee of $319 for services rendered in the administration of the estate and a like sum for attorney fees. The trial court, on objections, allowed the executrix and the attorney each

a fee of $112.65 as full compensation for services rendered. The fees are apparently claimed on the basis of a complete administration of the estate, whereas there has been only a partial administration thereof. Under the statute (§ 11-711, Oregon Code 1930), the executor's fee in such an estate—where it had been completely administered—would be $317.29. Where an executor is removed before complete administration it is generally a question of judicial discretion as to the amount of compensation, if any, to be allowed: 21 Am. Jur. 682. See cases in note 94 A. L. R. 1102. In our opinion there was no abuse of discretion in fixing the fee of the executrix in the instant case. In the objections to the attorney fees it is alleged "that not more than $150 should be allowed as attorney's fees to Mr. Goode." We think such allegation is an admission that $150 is a reasonable fee. The decree should, therefore, be modified by allowing such fee instead of $112.65.

■■ The court properly sustained objections to the allowance of costs and attorney fees incurred in proceeding for removal of executrix. When Mrs. Neibert asserted ownership of the bank account in question she was no longer in a proper position to administer the estate. It was then her clear duty to resign as executrix: 11 R. C. L. 100. The expenses which she incurred in resisting the removal proceedings were not for the benefit of the estate but in furtherance of her own personal interests. Cases cited wherein the executor has successfully defended against removal proceedings are not in point. It is beside the question to argue that, since the county court refused to remove the executrix, costs and attorney fees should be allowed. The county court was wrong. Mrs. Neibert was not successful in defending her position. Her alleged good faith in assert-

ing ownership of the bank account and in resisting removal as executrix is wholly immaterial. See numerous cases cited in note 90 A. L. R. 110. *Armstrong v. Boyd,* 140 Ga. 710, 79 S. E. 780, is particularly in point.

■ Objection was made to an item in the final account, of $10.80 for filing fee, expended when the executrix, in a personal capacity, instituted a declaratory judgment suit to determine title to the bank account above mentioned. This suit was not for the benefit of the estate, but for the personal benefit of the representative thereof. It was not a proper charge against the estate. The objection was, therefore, properly sustained: *Brown v. Cresap,* 61 W. Va. 315, 56 S. E. 603, 9 L. R. A. (N. S.) 997; *Goode v. Reynolds,* 208 Ky. 441, 271 S. W. 600, 63 A. L. R. 631; 11 R. C. L. 236.

Executrix, in her final account, charged herself rental of $10 a month for use of testatrix's house. The trial court found that the house had a rental value of $15 a month. We think such finding is supported by the greater weight of the evidence.

■ Appellant contends that the court erred in failing to pass on objections numbered 7, 7(a) and 7(b). The court refused to pass on such objections for the reason that, in the light of *In re Elder's Estate,* supra, it had no jurisdiction over the matters thereby presented. In these objections, it was sought to surcharge the executrix's account as follows: (a) $1,469.72, together with interest, due on a certain promissory note executed by Grace Neibert and her husband in favor of the decedent; (b) the sum of $1,000 loaned by decedent to Grace Neibert and C. P. Neibert, her husband, with which to pay a note owing by them to the estate of one Cornish; (c) indebtedness of C. P. Neibert to decedent in the sum of $2,600.

Appellant asserts that the item of $1,000 was a gift and not a loan. Appellant contends that bonds of the Federal Farm Loan Corporation having the value of $2,100 were accepted by decedent in satisfaction of items (a) and (c). Objectors deny such settlement.

In *In re Elder's Estate*, supra, this court, in referring to the above objections, said:

"The questions thus raised can only be determined by a suit in equity and are not within the jurisdiction of the county court or of the appellate court in this form of proceeding. Although section 11-101, Oregon Code 1930, provides that the mode of proceeding in the county court, when exercising the jurisdiction of probate matters, is in the nature of a suit in equity as distinguished from an action at law yet it is well settled by the decisions of this court that the county courts are not vested with general equity powers and that, if equity powers are to be exercised, recourse must be had to a court of chancery even if the subject matter of the suit may have been indirectly involved in the probate court. To the same effect see Marks v. Coats, 37 Or. 609 (62 P. 488) ; Hillman v. Young, 64 Or. 73 (127 P. 793) ; and In re Mannix Estate, 146 Or. 187 (29 P. (2d) 364)."

We think the probate court was right in refusing to assume jurisdiction of the questions presented in the above objections. See Woerner's American Law of Administration (3d ed.) §§ 151 and 317.

The decree, with the slight modification above noted relative to attorney fees, is affirmed. Objectors are entitled to costs and disbursements.

RAND, C. J. and BAILEY and LUSK, JJ., concur.