[S. F. No. 138.   Department One.—March 6, 1896.]

IN THE MATTER OF THE ESTATE OF LOUIS GRABER, DECEASED. LOUIS GRABER, JR., APPELLANT, v. MATTHIAS H. SCHRAM ET AL., EXECUTORS, ETC., RESPONDENTS.

ESTATES OF DECEASED PERSONS—REVOCATION OF LETTERS TO EXECUTORS— FAILURE TO FILE INVENTORY—DISCRETION—CONSTRUCTION OF CODE.— Under section 1450 of the Code of Civil Procedure, the court has judicial discretion to allow or refuse a revocation of letters testamentary issued to the executors of a will for failure to file the inventory and appraisement of the estate within the time limited therefor; and the action of the superior court will not be disturbed upon appeal unless there has been a gross abuse of discretion.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a petition for the revocation of letters testamentary to the executors of the will of Louis Graber, deceased. J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*Ben B. Haskell*, for Appellant.

The purpose of an inventory is to insure fidelity on the part of those intrusted with the administration, and to guard the right of all parties. (*McWillie* v. *Van Vacter*, 35 Miss. 428; 72 Am. Dec. 129.) An administratrix who fails to file an inventory is faithless to her trust. (*In re Estate of Hope*, 106 Cal. 153.) The word "may" used in section 1450 of the Code of Civil Procedure means "must," or "shall." (*Mesmer* v. *Jenkins*,

16 Cal. 153, 154; *Estate of Ballentine*, 45 Cal. 699; *Mayor etc. of New York* v. *Furze*, 3 Hill, 612; *Hayes* v. *County of Los Angeles*, 99 Cal. 74; *Supervisors* v. *United States*, 4 Wall. 446; Sedgwick on Statutory Construction, 376; *People* v. *Otsego County*, 51 N. Y. 407; *Monmouth* v. *Leeds*, 76 Me. 28; *Adriance* v. *Supervisors*, 12 How. Pr. 231; *Ex Parte Simonton*, 9 Port. 390; 33 Am. Dec. 322.) When a statute fixes the time within which an act must be done, the courts have no power to enlarge it. (*Roush* v. *Van Hagen*, 17 Cal. 121; Sedgwick on Statutory Construction, 322; *McCracken* v. *Superior Court*, 86 Cal. 74; *Easterby* v. *Larco*, 24 Cal. 179, 181; *Jenkins* v. *Frink*, 27 Cal. 337, 339; *Campbell* v. *Jones*, 41 Cal. 515; *Tregambo* v. *Comanche Co.*, 57 Cal. 501, 503; *Cooney* v. *Furlong*, 66 Cal. 520.) It is not the province of the court to discuss the expediency of a statute. Its sole duty is to ascertain the legislative intent. (*Mills* v. *La Verne Land Co.*, 97 Cal. 257, 258; 33 Am. St. Rep. 168; *People* v. *San Francisco*, 36 Cal. 595, 601; *Bosley* v. *Mattingly*, 14 B. Mon. 73; *Bennett* v. *Worthington*, 24 Ark. 487, 494; *Bradbury* v. *Wagenhorst*, 54 Pa. St. 180, 182; Sutherland on Statutory Construction, sec. 238; *Woodbury* v. *Berry*, 18 Ohio St. 456, 462; *Clark* v. *Maine etc. R. R. Co.*, 81 Me. 477, 481, 482.)

*William T. Baggett,* and *Alfred Sutro, Amico Curiæ*, also urged a mandatory construction of sections 1443 and 1450 of the Code of Civil Procedure.

*Andros & Frank,* for Respondent.

It was the intention of the legislature to place the question of removal in the discretion of the court. (*Holladay's Estate*, 22 Pac. Rep. 752; *In re Levinson*, 98 Cal. 654, 658; *In re Moore*, 72 Cal. 339; *Phelan* v. *Smith*, 100 Cal. 169.) The ordinary meaning of the language must be presumed to be intended, unless it would manifestly defeat the object of the provisions. (*Minor* v. *Mechanic's Bank*, 1 Pet. 64; *Eureka* v. *Diaz*, 89 Cal. 467; *United States* v. *Thoman*, 156 U. S. 353; *Thompson* v. *Lessee*

*of Carroll,* 22 How. 434; *Rex* v. *Barham,* 8 Barn. & C.
·99; Endlich on Interpretation of. Statutes, secs. 5–8;
*Green* v. *Wood,* 7 Ad. & E., N. S., 185; *Woodbury* v. *Berry,*
18 Ohio St. 462.) The supreme court will not interfere
with the decision of the lower court, unless there has
been a gross abuse of its discretion. (*Deck's Estate* v.
·*Gherke,* 6 Cal. 667.)

Garoutte, J.—This appeal is prosecuted from an
·order denying the petition and motion of appellant, a
legatee, to revoke the letters testamentary of the respond-
ents for failure to file an inventory within the time pre-
scribed by law. The sections of the code bearing upon
this question are as follows:

"Sec. 1443. Every executor or administrator must
make and return to the court, within three months after
his appointment, a true inventory and appraisement of
all the estate of the decedent, etc."

"Sec. 1450. If an executor or administrator neglects
or refuses to return the inventory within the time pre-
scribed, or within such further time, not exceeding two
months, which the court or judge shall for reasonable
cause allow, the court may, upon notice, revoke the let-
ters testamentary or of administration, etc."

It is now claimed by appellant that, if the executor
or administrator does not file his inventory and appraise-
ment within the time allowed by the statute, his letters
must be revoked when that fact is brought to the atten-
tion of the court, and that the court has no judicial dis-
cretion in the matter. . We do not think such to be the
construction placed upon the statute by the profession;
neither do we think it justified by the language used.
While section 1450 is a most salutary one, yet all the
purposes which could possibly have actuated the legisla-
tive mind in enacting it may be fully served by holding
its provisions directory, rather than mandatory. To
revoke or forfeit letters testamentary or of administra-
tion, *ipso facto,* by a statute, is most rigorous treatment,
and we would not be inclined to so construe the law,

unless the intention of the lawmaking power to that effect was plainly manifest. Here no such intention is apparent, but, upon the contrary, by the language itself, a discretion is vested in the lower court. The statute says the court may, *upon notice,* revoke the letters testamentary or of administration. The fact that such revocation can only take place after notice, is a clear indication that the executor or administrator is to be given an opportunity to come before the court and show cause why his letters should not be revoked. Whether the cause shown be good or bad is a matter largely within the discretion of the trial court, and, when that court has investigated the question and adjudicated upon it, it will only be where a gross abuse of discretion has occurred that this court will interfere.

We see no such abuse of discretion in this case, and the order appealed from is affirmed.

VAN FLEET, J., and HARRISON, J., concurred.