[Civ. No. 5648.   Third Appellate District.—February 26, 1937.]

In the Matter of the Estate and Guardianship of T. C. H. WHITTAKER, etc., an Incompetent. PAUL STEWART, Appellant, v. IRMABELLE HAZEL et al., Respondents.

A. T. Stewart for Appellant.

No appearance for Respondents.

PULLEN, P. J.—This is an appeal from an order removing the guardian of the person and estate of an incompetent person and appointing another in his stead.

The principal grounds relied upon for removal of the guardian were, for the failure, for more than five years after his appointment, to file an inventory and appraisement of the estate coming into his hands as guardian, and failure to file an annual or any account or report of his management of the estate during his trust.

It is also alleged the guardian upon qualifying filed a bond in the amount required by the order of the court, but the surety company which furnished the bond thereafter became insolvent, and although such fact was known to the guardian and he was requested so to do, he neglected for more than a year to file a new bond.

Upon the hearing, the court found in accordance with the allegations in the petition, and ordered the removal of the guardian.

This appeal is presented to us upon a bill of exceptions, but respondent has seen fit to file no brief in support of the order. One of the contentions of appellant is that there was no evidence to support the finding of the trial court that the original bond filed by the guardian became worthless and without any value, or that the said guardian was advised of the insolvency of the surety company, or that he was requested to execute and file a good or sufficient bond.

Finding no evidence at all concerning the matter of the bond we must hold the finding of the court in that particular was not supported by the evidence.

It is a matter of record, however, that for more than five years after his appointment and qualification as guardian he did neglect to file any account and did neglect or fail to file an inventory. Section 1580 of the Probate Code provides that "a guardian . . . may be removed by the court for any of the following causes: 2. For failure to file an in-

ventory or to render an account within the time allowed by law, or for continued failure to perform his duties''.

Section 1551 of the Probate Code provides, ''If the guardian neglects or refuses to file the inventory within the time prescribed, the court, upon notice, may revoke his letters, . . . '' Section 1550 of the same code provides, ''That within three months after his appointment or within such further time as the court or judge, for a reasonable cause, may allow, the guardian must file with the Clerk of the court an inventory and appraisement of the estate of the ward.'' By section 1553 of the Probate Code, at the expiration of a year from the time of his appointment and as often thereafter as he may be required by the court, a guardian must present his account to the court for settlement and allowance.

While it is true that these provisions are not mandatory, neverthless, there is reposed in the probate court a wide discretion, and if the court in the exercise of that discretion. has come to the conclusion that such failure or neglect indicates an indifference or lack of attention upon the part of the guardian to the affairs of the estate, he may remove the guardian, and this court will not unless it appears there has been an abuse thereof, interfere with that discretion.

In *In re Newell,* 18 Cal. App. 258 [122 Pac. 1099], it was held in effect that the probate court, haing supervision of the estate of deceased persons, was vested with the power to remove an executor when in its discretion such step was necessary for the protection of the estate, and that power will not be interfered with by an appellate court if it does not appear that such discretion had been abused.

In the *Estate of Graber,* 111 Cal. 432 [44 Pac. 165], dealing with the failure of an executor to file an inventory of the estate as required under section 1450 of the Code of Civil Procedure as it then stood, the court there held that the trial court had judicial discretion to refuse to revoke letters testamentary for failure to file the inventory and appraisement of the estate in the time limited, and the action of the court will not be disturbed upon appeal unless there has been a gross abuse of discretion.

It is but fair to state that no charge is here made nor is there any evidence of any financial misdealings or any attempt to profit from the estate on the part of the guardian, but apparently the court was convinced that the failure of the guard-

ian to comply with the plain provisions of the law in regard to the filing of an inventory and the rendering of an accounting indicated such an indifferent attitude toward the management of the estate and its affairs as to justify the replacement of the guardian upon the request of those personally interested.

Finding no error in the order of the trial court, the same is affirmed.

Thompson, J., and Plummer, J., concurred.