In the Matter of the ESTATE of Mary V. HADDENHAM, Deceased.

David C. HADDENHAM, and David C. Haddenham, Administrator of the Estate of Mary V. Haddenham, Deceased, Appellants,

v.

David F. HADDENHAM, Appellee.

No. 2962.

Supreme Court of Wyoming.

Jan. 25, 1961.

Smith & Nicholas and D. W. Clark, Lander, for appellants.

No appearance for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER, and McINTYRE, JJ.

Mr. Justice PARKER delivered the opinion of the court.

This is an appeal from an order of the District Court of Fremont County, revoking letters of administration issued to David C. Haddenham in the estate of his deceased wife, Mary V. Haddenham, and issuing letters of administration to David F. Haddenham, their son. The petition for letters of administration, filed November 26, 1958, showed the heirs to be David C. Haddenham, David F. Haddenham, and Anna Fern McCarthy and Mary V. Pollard, daughters, and the property to consist of twenty-one mortgage bonds of a face value of $18,500 and residential property in Kemmerer, Wyoming, valued at $500 with an annual rent of $120. However, David C. Haddenham admitted on examination by the court that he knew little about the contents of the paper and merely signed it because it had been presented to him by his attorney as requiring signature. The order appointing the administrator was signed November 26, 1958, and the letters were issued December 12 after the bond had been furnished. The administrator began publication of notice to creditors December 30, 1958, in the Wyoming State Journal. On February 2 the attorney for the petitioner filed an application for withdrawal. No action was taken thereon but from the record it is obvious that another attorney was appointed to succeed him. On June 27 David F. Haddenham filed a petition to remove the administrator, alleging that no inventory and appraisement or report had been made concerning the property of the estate. Petitioner also requested that let-

ters be issued to him or to other proper person. A hearing on the petition for removal was held on October 9, 1959, at which time the testimony of David C. Haddenham and Ann McCarthy was presented.

The record discloses the following facts: No inventory and appraisement had been filed at the time of the hearing, but no money had been paid out and no asset of the estate changed since the date of the filing of the petition. An unfriendly feeling had developed between the father and the son, apparently stemming from the son's desire that the estate be liquidated and a portion of it be paid to him in cash. The son had filed a creditor's claim for some $5,800, part of which was for rent on a house purchased by his parents and placed in his name. There was some question as to the ownership of the $18,500 worth of bearer bonds left in the bank safe deposit box which was held jointly by deceased and her husband. These bonds had been purchased by the husband and wife who had determined that $5,000 worth of them should go to the son, $3,500 to each of the daughters, and $6,500 to the husband. Certain notations had been made on the bonds and apparently some instructions had been given to the brokers who had purchased them, but no other steps were taken to effectuate any transfer of title.

Counsel argue, and the evidence tends to show at least implicitly, that the trouble stemmed from a question concerning ownership of the bearer bonds and that the attorneys had been trying to work out some compromise or settlement instead of proceeding with the probate in the prescribed manner.

Section 2–153, W.S.1957, provides:

"Every executor or administrator must make and return to the court within a reasonable time after his appointment, a true inventory and appraisement of all the estate of the decedent, including the homestead, if any, which has come to his possession or knowledge."

Apparently the trial court acted upon the authority of § 2–159, W.S.1957, which states:

"If an executor or administrator neglects or refuses to return the inventory within the time prescribed or within such further time, which the court, judge or commissioner shall for reasonable cause, allow, the court, judge or commissioner may, upon notice, revoke the letters testamentary or of administration, and the executor or administrator is liable on his bond for any injury to the estate, or any person interested therein, arising from such failure."

These sections are similar to probate provisions in the laws of California which have been discussed by the courts of that state. In In re Graber's Estate, 111 Cal. 432, 44 P. 165, 166, the probate court had denied a petition for revocation, and upon appeal the supreme court stated:

" * * * Whether the cause shown be good or bad is a matter largely within the discretion of the trial court; and, when that court has investigated the question and adjudicated upon it, it will only be where a gross abuse of discretion has occurred that this court will interfere. * * *"

We have never had occasion to discuss the exact point now before us. We considered the question of removing executors and trustees in In re Hartt's Estate, 75 Wyo. 305, 295 P.2d 985, indicating that such an order was harsh, severe, and drastic; but our attention was there directed primarily to the displacement of a person selected by the testator or trustor. Generally speaking, removal of an executor requires a stronger showing than the removal of an administrator, weight being given to the maxim, "Whom the testator will trust so will the law." In re Chadbourne's Estate, 15 Cal.App. 363, 114 P. 1012, 1013; 2 Bancroft's Probate Practice, 2d ed., p. 184.

While there might be a difference of opinion in the present case as to

the failure of the administrator in his trust and the consequent necessity for his removal, the district court was entitled to exercise its discretion in the matter, and we do not find that there was any gross abuse thereof. The statute requiring the filing of the inventory and appraisement while sometimes termed to be directory uses the word "must." Section 2–11, W.S. 1957, provides that the clerk of the court prepare the probate docket; and the succeeding section requires the judge to annually read the docket and to enter orders which will expedite the progress and closing of estates. In the light of these provisions, the requirement that an administrator must make and return a true inventory and appraisement within a reasonable time cannot be lightly overlooked. The administrator herein presented no reasonable excuse for his failure to comply with the law, and there is nothing in the record to show an abuse of discretion by the district court which at the time the order was entered stated:

"I am going to remove this party, particularly in view of the fact that nothing has been done since June when this petition was filed, a period that has been ample time since then to have prepared this inventory or else have presented the difficulties to the court. * * *

"* * * I would expect that Mr. Haddenham [senior] would retain all the property of the estate, everything in that locked box, until such time as the court determines whether it is in the estate.

"* * * if you [the newly appointed administrator] contend it is in the estate, you cite him and show what your contention is, and if he admits it is part of the estate, all right. If it isn't, we will determine that fact. In other words, put the initiative upon the person claiming adversely."

We must bear in mind that the aim of probate procedure is the speedy settlement and adjudication of rights in the property of a decedent to the end that those entitled to share may have the fullest benefit of the right which the law gives them at the earliest moment consonant with due process and orderly procedure. In re Mayne's Estate, Wyo., 345 P.2d 790; 1 Bancroft's Probate Practice, 2d ed., § 15; 2 Bancroft's Probate Practice, 2d ed., § 298.

The order of the trial court is affirmed.

Affirmed.