Argued and submitted May 16,
affirmed as modified July 21, 1980

In the Matter of the Estate of
Arthur F. Vander Galien, Deceased

## VANDER GALIEN,
*Appellant,*

*v.*

## VANDER GALIEN,
*Respondent.*

(No. 4878, CA 16220)

614 P2d 127

Robert P. VanNatta, St. Helens, argued the cause for appellant. On the brief was George G. VanNatta, St. Helens.

Paul J. Jolma, Clatskanie, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Appellant (wife) is the widow of the deceased, Arthur F. Vander Galien, who died on August 1, 1979. Respondent is the mother of the deceased; she petitioned for appointment as the personal representative of his estate on August 16, 1979, alleging that her son died intestate and without surviving spouse. She listed herself and decedent's father as the only heirs. She was appointed as personal representative on August 28, 1979.

Wife, who had been living apart from her husband in another state for over a year, filed a petition on October 2, 1979, to revoke the previously issued letters of administration and requesting appointment of herself or her nominee as personal representative.

Mother claimed to own certain property as tenants in common with her son under an oral agreement whereby he was to repay part of her investment. The circuit court found that there was a possible conflict of interest if mother acted as personal representative and granted wife's petition. In doing so, however, the court imposed two conditions: (1) that wife post a $6000 bond and (2) that wife personally reimburse mother $1950 for expenses mother claimed to have incurred in administering the estate.

Wife appeals from the portion of the order requiring her to reimburse mother from her own funds rather than treat the claim as any other expenses incurred by a personal representative to be paid by the estate. Mother, although she did not cross-appeal, contends in this court that she should not have been removed.

■ On *de novo* review, *see Ingersol v. Baker,* 31 Or App 1055, 571 P2d 1296 (1977), we conclude that wife should be appointed as personal representative. Mother was appointed on the basis that decedent left no surviving spouse and that she and decedent's father

were the only heirs. Although the petition was apparently filed in the honest belief that the decedent and wife were divorced, the fact remains that wife was legally married to decedent at the time of his death and appears to be his only heir. *See* ORS 112.035.

■ ■   The record discloses sufficient evidence that a conflict[1] is likely to arise between the interest of mother in her personal capacity and the interest of the estate and wife as heir, which, coupled with wife's statutory preference (ORS 113.085),[2] justifies the removal of mother and the appointment of wife. The court, however, had no authority to require wife to reimburse mother the expenses mother claims to have incurred in acting as personal representative. Mother is entitled to claim those expenses against the estate.[3]

Accordingly, the order of the circuit court is modified by deleting therefrom the requirement that wife pay mother the sum of $1950 as a condition of her apointment and the issuance of Letter of Administration to her. In all other respects the order is affirmed.

Affirmed as modified.

---

[1] *See In re Elder's Estate,* 160 Or 111, 83 P2d 477, 119 ALR 302 (1938); *In re Faulkner's Estate,* 156 Or 23, 65 P2d 1045 (1937).

[2] ORS 113.085 establishes the preferences for appointment of personal representatives as follows:

"(a)   To the executor named in the will.

"(b)   To the surviving spouse of the decedent or his nominee.

"(c)   To the nearest kin of the decedent or his nominee.

"* * * * *."

[3] ORS 116.183(1) provides in pertinent part:

"(1) A personal representative shall be allowed in the settlement of his final account all necessary expenses incurred in the care, management and settlement of the estate, including reasonable fees of appraisers, attorneys and other qualified persons employed by him. * * *"

Pursuant to ORS 116.103,

"[a]ny person entitled to notice under ORS 116.093 may, within the time fixed for the filing, file in the estate proceeding his objections to the final account and petition for distribution, specifying the particulars of the objections. Upon the filing of objections the court shall fix the time for hearing thereon."