Argued and submitted December 10, 2012, award of attorney fees and costs reversed and remanded; otherwise affirmed November 20, 2013

In the Matter of
the Estate of Yoko Perry, Deceased.
C. P.,
an adult individual,
*Appellant,*

*v.*

Gabe BERNSTEIN,
Personal Representative of
the Estate of Yoko Perry, Deceased,
*Respondent.*

Multnomah County Circuit Court
100390317

In the Matter of
the Estate of Brian J. Perry, Deceased.
C. P.,
an adult individual,
*Appellant,*

*v.*

Christina PERRY,
Personal Representative of
the Estate of Brian J. Perry, Deceased,
*Respondent.*

Multnomah County Circuit Court
100390318

C. P.,
an adult individual,
*Plaintiff-Appellant,*

*v.*

Christina PERRY,
Personal Representative of
the Estate of Brian J. Perry, Deceased;
and Gabe Bernstein, Personal Representative of
the Estate of Yoko Perry, Deceased,
*Defendants-Respondents.*

## Multnomah County Circuit Court
### 100709912; A148503

314 P3d 707

Helen C. Tompkins argued the cause and filed the briefs for appellant.

Stephen R. Owen argued the cause for respondents. With him on the brief was Fitzwater Meyer, LLP.

Before Sercombe, Presiding Judge, and Haselton, Chief Judge, and Hadlock, Judge.

SERCOMBE, P. J.

## SERCOMBE, P. J.

Plaintiff appeals a general judgment in three consolidated cases and a supplemental judgment for attorney fees and costs entered in favor of the personal representative of the estate of plaintiff's father, Brian Perry, and the personal representative of the estate of his father's wife, Yoko Perry. Plaintiff filed a claim against both estates and a separate tort claim against each of the personal representatives. Plaintiff argues that the trial court erred in concluding that he could not proceed with his claims because of an arbitration award in which the arbitrator determined that plaintiff had agreed to release all claims against the personal representatives. Plaintiff further argues that the trial court erred in awarding attorney fees and costs and that, even if the award were proper, the trial court erred in allocating the entire award of both estates' attorney fees and costs to the personal representative of the Yoko Perry estate so that plaintiff—a beneficiary of the Brian Perry estate but not the Yoko Perry estate—would not benefit from the award. We write only to reverse the trial court's allocation of the attorney fee award between the two estates and reject the balance of plaintiff's contentions without further discussion.

We begin with a brief procedural overview. After the estates of Brian Perry and Yoko Perry were opened, plaintiff demanded a share in the distribution of the estates. The parties engaged in mediation with attorney James Knoll, and the parties signed a preliminary terms sheet. That terms sheet gave plaintiff a one-sixth share of his father's estate and included a provision for "James Knoll to arbitrate any disputes on agreement." As the parties were exchanging drafts of a more detailed settlement agreement, plaintiff's attorney sent a draft agreement releasing several specific claims against the personal representatives but excluding all "claims or causes of action he may assert or bring for child abuse[.]" The personal representatives responded that the terms sheet included a release of all claims. The parties agreed to arbitrate their dispute over the release with Knoll. After hearing the parties' presentation of evidence and argument, Knoll issued a written decision finding that plaintiff had agreed to a full release of all of his claims, including "all tort claims that [plaintiff] may have had against either estate."

After Knoll issued his written decision, plaintiff filed petitions in the estates of Brian Perry and Yoko Perry, asserting that he was entitled to a one-third share of his father's estate and that his father's will should not be interpreted to give Yoko Perry his father's entire estate. Plaintiff separately filed a tort claim against the personal representatives of both estates, alleging that his father had sexually abused him as a child. In the probate cases and the tort case, the personal representatives filed answers and counter-petitions asserting that plaintiff's claims were foreclosed by the arbitrator's award finding that plaintiff had released all claims against the estates in return for a one-sixth share of his father's estate. The personal representatives also sought to confirm the arbitration award under ORS 36.700(1).[1] Plaintiff filed a "Reply to Counterclaims" in the tort case, but did not seek to modify or vacate the arbitration award. The personal representatives later filed motions for summary judgment in all three cases, again seeking confirmation of the arbitration award. They argued that plaintiff had failed to petition the circuit court to vacate, modify, or correct the award within 20 days, as required by ORS 36.700(1), and that plaintiff's claims were therefore precluded because they were inconsistent with that award. The trial court granted those motions, and, in a supplemental judgment, awarded attorney fees and costs under ORS 20.105, based on a finding that plaintiff had pursued his claims in bad faith, and under ORS 36.715, which permits an award of attorney fees and costs to a prevailing party in a proceeding to confirm an arbitration award.

The trial court awarded attorney fees of $31,431.50 and costs of $1,539.94; those amounts represented the attorney fees and costs incurred by the personal representatives for both estates, who were represented by the same

---

[1] ORS 36.700 provides, in part:

"(1) After a party to an arbitration proceeding receives notice of an award, the party may make a petition to the court for an order confirming the award. * * * The court shall issue a confirming order unless within 20 days after the petition is served on the other parties:

"* * * * *

"(b) A party petitions the court to vacate, modify or correct the award * * *."

counsel. The trial court explained, "although billing activity entries were duplicated for each individual estate for tax and accounting purposes, the amount of time spen[t] on each entry was split in half for each estate. In other words, although the activities would have been required for either estate, so that no duplication of payment occurred, the representatives' attorney divided the attorneys fees between the two estates." Thus, although the trial court awarded $31,431.50 in attorney fees, the attorney fee statements submitted by the personal representatives showed that each estate was charged approximately half that amount. The trial court directed that the fees and costs to be paid by plaintiff to both personal representatives "be paid [only] to the Yoko Perry estate," reasoning that "it would be grossly inequitable to award any fees or costs to the Brian Perry estate resulting in reimbursement * * * to the plaintiff" as a beneficiary of that estate.

As noted, we write only to address the trial court's decision to direct the entire award of fees and costs to the Yoko Perry estate. Plaintiff contends that, when awarding attorney fees under ORS 20.105 or ORS 36.715, the trial court was not permitted to award the personal representative of the Yoko Perry estate more fees than he had incurred. The personal representatives respond that "[t]he trial court properly found that * * * plaintiff should not be put in a position to recover a portion of the fees that were awarded against him." According to the personal representatives, "[t]he trial court has the equitable power to fashion an award that carries out its rulings * * *."

We review the trial court's legal determinations with respect to entitlement to attorney fees for legal error, *Barber v. Green*, 248 Or App 404, 410, 273 P3d 294 (2012), and begin with the relevant statutes. The personal representatives for each estate requested attorney fees under ORS 20.105 and ORS 36.715. ORS 20.105 provides, in part, that "the court shall award reasonable attorney fees to *a party against whom a claim * * * is asserted, if that party is a prevailing party* in the proceeding and to be paid by the party asserting the claim * * * upon a finding by the court that * * * there was no objectively reasonable basis for asserting the claim[.]" (Emphasis added.) ORS 36.715(3) provides, in

part, that, "[o]n application of *a prevailing party* to a contested judicial proceeding under ORS 36.700, * * * the court may add reasonable attorney fees *incurred in a judicial proceeding* after the award is made to a judgment confirming * * * an award." (Emphases added.) ORS 36.715(2) further provides that "[a] court may allow reasonable costs of the petition and subsequent judicial proceedings."

Under those statutes, there is no question that the personal representative for *each* estate was entitled to attorney fees and costs. Under ORS 36.715, each personal representative sought to confirm the arbitration award and "incurred" attorney fees as a result. Under ORS 20.105, each personal representative was a "party against whom a claim" was asserted. Further, under both statutes, each personal representative was a "prevailing party." Accordingly, each personal representative submitted separate statements in support of a fee request, and the statements of costs included separate entries for costs incurred by each personal representative.[2]

The personal representatives nevertheless contend that the entire award of fees and costs was properly allocated "to the Yoko Perry estate," because plaintiff "should not be allowed to benefit from an award of fees against him." As noted, they argue that "[t]he trial court has the equitable power to fashion an award that carries out its rulings * * *." Although we acknowledge that "several equitable theories can support [attorney] fee awards without statutory authorization," *Strunk v. PERB*, 341 Or 175, 180, 139 P3d 956 (2006), here the personal representatives sought attorney fees only through statute—not through the inherent power of a court in equity to award fees. As the Supreme Court has explained, "[i]f the authority to award attorney fees flows from a statute, then the court must determine the scope of

---

[2] We note that the personal representatives suggest that "all of the work done to confirm the arbitration awards could have been attributed to either of the estates." Even if we accept, as a factual matter, that the attorney fees would have been exactly $31,431.50 if only one estate had been involved, there were, in fact, two personal representatives for two estates—*i.e.*, two parties—even if they were represented by the same counsel. Further, the personal representatives were billed separately, and there is no suggestion that one personal representative was responsible for paying the fees and costs of the other.

the legislature's intent respecting such awards and carry out that intent." *Lehman v. Bradbury*, 334 Or 579, 583, 54 P3d 591 (2002).

The personal representatives do not argue that the trial court has the authority—under ORS 36.715, ORS 20.105, or any other statute—to award fees to one party that were actually incurred by another party. Instead, they suggest that the trial court, when awarding attorney fees under its *statutory authority*, can disregard certain statutory requirements based on the court's own determination of what is "equitable" in a particular case. The personal representatives present no authority to support that proposition,[3] and we are aware of none. We therefore adhere to the fundamental principle that, when acting under the authority of ORS 20.105 and ORS 36.715, a trial court is bound to award fees as those statutes require. Accordingly, here, the trial court erred in awarding the personal representative of the Yoko Perry estate fees and costs that were separately charged to, and incurred by, the personal representative of the Brian Perry estate.

Award of attorney fees and costs reversed and remanded; otherwise affirmed.

---

[3] The sole case cited by the personal representatives, *Albright v. Medoff*, 54 Or App 143, 634 P2d 479 (1981), is inapposite. In *Albright*, this court determined that it was error for the trial court to decline to address the plaintiff's request for an accounting of rental fees, reasoning that "[a]n equity court has broad powers to shape a decree *under a prayer for general equitable relief* so that it can grant full and complete relief to the parties according to the equities of the case." *Id.* at 150 (emphasis added). As noted, here the personal representatives sought fees under statutory, not equitable, authority. We express no opinion as to whether a court awarding fees as a court of equity has authority to direct the fees to one prevailing party and not another, as the trial court did in this case.