Submitted July 29, 2019; affirmed December 16; appellant's petition for reconsideration filed December 29, 2020, allowed by opinion February 10, 2021
See 309 Or App 314, 481 P3d 444 (2021)

In the Matter of the
Estate of Lois Irene Gould, Deceased.

Bradley R. WARKENTIN,
former Personal Representative,
*Appellant,*

*v.*

Corina SHIREY,
Personal Representative,
*Petitioner-Respondent.*

Deschutes County Circuit Court
17PB08036; A167535

480 P3d 289

In this probate case, respondent appeals a limited judgment that, among other things, removed him as personal representative of the decedent's estate. He argues that the probate court erred in removing him as personal representative and replacing him with petitioner, waiving petitioner's bond requirement, and awarding a division of personal representative fees solely on equitable grounds. *Held*: The probate court did not err in removing respondent as personal representative of the decedent's estate because it was within the court's discretion to do so. Further, the court did not err in waiving petitioner's bond requirement because it was a permissible waiver under ORS 113.105(4)(b). Finally, the Court of Appeals concluded that the claim of error regarding personal representative fees is unreviewable because the requirements of a limited judgment under ORS 111.275(1)(e) have not been met.

Affirmed.

Walter Randolph Miller, Jr., Judge.

Marc K. Miller, Anthony V. Albertazzi, and Albertazzi Law Firm filed the brief for appellant.

No appearance for respondent.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

EGAN, C. J.

Affirmed.

**EGAN, C. J.**

Respondent appeals a limited judgment arising from a probate proceeding removing him as personal representative from the decedent's estate. Respondent's first contention is that the probate court erred in removing him as personal representative and substituting petitioner to that position. His second contention is that the court erred in waiving the bond requirement for petitioner, contrary to ORS 113.105. In his third contention, respondent argues that the court erred in awarding a division of personal representative fees on purely equitable grounds. We conclude that the court did not err and, accordingly, we affirm.

The relevant background facts are largely procedural and undisputed.[1] The decedent, Lois Irene Gould, passed away on November 7, 2013. At that time, her closest living relatives were her nieces and nephews, with petitioner, the decedent's niece, among them. Respondent was the decedent's neighbor. On August 29, 2017, almost four years after the decedent's passing, respondent was assigned a judgment awarding him $562.45 of the decedent's debt, which he purchased, in order to become a creditor of her estate. On October 17, respondent filed a petition to become the personal representative of the estate. Approximately two weeks later, respondent was appointed as personal representative.

After discovering that respondent had been appointed as personal representative, in January 2018, petitioner filed a "petition to revoke letters of administration" and for the "appointment of substitute personal representative." In the petition, she argued that respondent should be removed as personal representative, because he was a stranger to the family and "his purpose in being appointed as personal representative of [the] Estate is unknown to" them. Petitioner

---

[1] Respondent requests *de novo* review but does not identify any factual matters in dispute nor does he explain why this is an exceptional case that merits *de novo* review. *See* ORAP 5.40(8)(c). Accordingly, we deny that request and, to the extent that there are any factual disputes, state the facts consistent with the court's ultimate ruling. *See Kotler and Winnett*, 282 Or App 584, 597, 385 P3d 1200 (2016) ("We *assume* that the trial court found the facts in a manner consistent with its ultimate conclusion."). (Emphasis in original.)

further asserted that, because she is the decedent's niece, she has "priority for appointment as personal representative." In response, respondent argued that petitioner was seeking his removal as personal representative under an inapplicable statute, ORS 113.085, which concerns preferences for "appointing a personal representative," not removing them. Rather, he contended, that the court should refer to ORS 113.195, which provides the statutory bases for removal of a personal representative.

During the hearing on the removal petition, the probate court inquired what authority it had to remove a personal representative:

> "Let's assume for a moment that the Court did something that as it sits here today thinks it shouldn't have done. I'm devil's advocate. This is obviously what the moving party's asking me to do. What's done is done * * *. Is there a statute or some source of law apart from what it should have done, which is what I hear you say, apart from that, is there a separate statute or some other authority that allows this court in equity to come in and say I'm going to do it."

Petitioner responded that the court possesses an equitable power to remove respondent as personal representative. She further asserted that the "goal of [the equitable power] is [*sic*] to get an individual who's [not] going to be self-dealing." The court then turned to respondent and asked: "My question is really two-fold. You say I don't have authority. I don't have the equitable power to make this change. That may be the argument. Let's assume for a minute I did. Why wouldn't I?" Respondent gave two reasons. First, he argued that it "would penalize [respondent] because he's no longer going to get his personal representative's fee." Second, he argued that it "wouldn't be fair * * * for the Court to use its equitable powers in these circumstances because [its] been four years, and the Court has an interest in the efficient administration of estates."

Next, the court asked the parties how they planned to handle the estate. Respondent stated the next step was to sell the house. Petitioner responded, without clarifying, that she would handle the estate differently. Respondent confirmed, when asked by the court, that his main concern

was that a delay in selling the assets of the estate—namely the house—could risk respondent's personal representative fee.

The probate court concluded that it possessed the general equitable power to remove a personal representative, removed respondent from that position, and substituted petitioner, to serve without bond. The court's reasoning relied on the parties' recitation of how they might proceed and which party would be more efficient. However, in removing respondent, the court noted that it was not implying that respondent had done anything wrong or unlawful as the personal representative. Next, the court decided to restrict the personal representative from selling the real property without further order of the court. In doing so, the court added an additional requirement of having to give "notice to all heirs." Lastly, the court ordered petitioner to inform respondent of the disposition of the estate so that respondent "will get paid a percentage of his fees." The court did not make a final order awarding fees. In deciding that respondent would receive a percentage of the fees, the court relied on both its statutory and equitable powers, but specifically stated in its written judgment: "Upon final disposition of the estate the Court will divide the personal representative's fee between [respondent] and [petitioner] in the manner it deems fair and equitable."

On appeal, respondent challenges his removal as personal representative. Respondent argues that the court erred to the extent that it relied on ORS 113.085, which states the statutory preferences for the appointment of a personal representative, as a basis for removal, rather than ORS 113.195, which governs the removal of a personal representative.[2] We have reviewed the record and conclude without further discussion that the court did not rely on ORS 113.085 in determining to remove respondent.

---

[2] Additionally, respondent argues that even if the probate court has equitable powers to remove a personal representative, the court misapplied those powers because it failed to consider the two equitable principles of "unclean hands" and that "he who seeks equity must do equity." Those contentions are unpreserved, and we decline to consider them. *See John Hyland Const., Inc. v. Williamsen & Bleid, Inc.*, 287 Or App 466, 470-74, 402 P3d 719 (2017) (specifying the requirements for preservation).

Respondent next contends that the probate court mistakenly relied on its general equitable powers in removing respondent rather than ORS 113.195, the controlling statute. He argues that when "statutes govern [the] removal and appointment" of a personal representative, a court sitting in probate cannot use its equitable powers if in doing so it "disregards [its] statutory requirements."

In arguing that the court erred, respondent cites several cases that he claims support his assertion that a court cannot exceed its statutory authority. *See, e.g.*, *C. P. v. Bernstein*, 259 Or App 512, 518, 314 P3d 707 (2013) (concluding that when a court is acting under its statutory authority to award fees, it is bound to award fees as the statute requires, and not what it deems equitable). As we understand respondent's argument, he essentially posits that the probate court violated the maxim *aequitas sequitur legem*—that equity must conform to and only supplement the law. *See* John Norton Pomeroy, 2 *Pomeroy's Equity Jurisprudence* § 425 (5th ed 1941) (stating such). Thus, as respondent frames his argument, the real question is whether, in removing respondent and appointing petitioner as personal representative in his place, the court exceeded its statutory authority.[3]

Respondent is correct that ORS 113.195 provides the only statutory authority for removal of a personal representative. ORS 113.195 provides that removal of a personal representative is appropriate,

"(1)   [w]hen a personal representative ceases to be qualified as provided in ORS 113.095, or becomes incapable of discharging duties, the court shall remove the personal representative.

"(2)   When a personal representative has been unfaithful to or neglectful of the trust, the court may remove the personal representative.

---

[3] Respondent also argues that courts do not have a "general equitable" authority to remove a personal representative. We conclude, without discussing the extent of that authority, that a "general equitable" authority to remove a personal representative does exist. For example, in *Roley v. Sammons*, 215 Or App 401, 412, 170 P3d 1067 (2007), we recognized a court's equitable authority to remove a personal representative "when the personal interests of the personal representative conflict with a substantial and legitimate interest of a beneficiary of the estate."

"(3)   When a personal representative has failed to comply with ORS 113.092, the court may remove the personal representative.

"(4)   For other good cause shown, the court may remove the personal representative."

ORS 113.195(1) to (3) list several grounds for removal based on circumstances that result in the personal representative's disqualification. ORS 113.195(4) additionally allows a court to remove a personal representative "[f]or other good cause shown." Respondent argues that our case law requires that removal can occur for "other good cause shown" under ORS 113.195(4) only when "the personal representative has a beneficial interest adverse to the estate or a beneficiary thereof, and is not merely a creditor, as is the case here." The two cases on which respondent relies, *Roley v. Sammons*, 215 Or App 401, 170 P3d 1067 (2007), and *Wharff v. Rohrback*, 152 Or App 68, 952 P2d 87 (1998), predate the enactment of ORS 113.195(4),[4] and we therefore disagree with respondent's contention that the court's authority to remove a personal representative under the subsection is limited by those cases. In determining whether respondent's removal was in error, we examine the statute's text and context to determine the meaning of "other good cause shown," in accordance with principles of interpretation provided in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). We then proceed to consideration of legislative history, to the extent that we find it to be helpful. *Gaines*, 346 Or at 171-72.

The text and context is the "best evidence" of legislative intent. *Papworth v. DLCD*, 255 Or App 258, 265, 296 P3d 632 (2013). ORS 113.195 lists four grounds for which a probate court may remove a personal representative.

---

[4]  The legislature added ORS 113.195(4) to the statute in 2017, as a part of an effort to modernize and clarify the probate code. Exhibit 15, House Committee on Judiciary, HB 2986, Mar 27, 2017 (accompanying statements by three representatives from the Oregon Law Commission). The amendment became effective on January 1, 2018. Or Laws 2017, ch 169, § 19. Petitioner filed her petition to remove respondent as personal representative on January 8, 2018, and the limited judgment was entered on March 16, 2018. Thus, ORS 113.195(4) is applicable to this case.

As relevant to this case, ORS 113.195(4) allows a court to remove a personal representative "[f]or other good cause shown." "Good cause" is a legal term of art. Thus, we do not use the term's "ordinary meaning"; rather, we seek to determine its legal meaning. *Dept. of Transportation v. Stallcup*, 341 Or 93, 99, 138 P3d 93 (2006) ("[W]e give words that have well-defined legal meanings those meanings.") Legal dictionaries can help us determine the meaning of a legal term of art. *State v. Hess*, 342 Or 647, 650, 159 P3d 309 (2007) (resorting to *Black's Law Dictionary* to define a "legal term"). The term "good cause" is broadly defined as "a legally sufficient reason." *Black's Law Dictionary* 274-75 (11th ed 2019). That broad definition, standing alone, does not provide clear guidance in determining the meaning of the phrase "other good cause shown." However, we do not "simply consult dictionaries and interpret words in a vacuum." *Alfieri v. Solomon*, 358 Or 383, 393, 365 P3d 99 (2015).[5] We also look at context for clues as to its meaning. Subsection (4) refers to "*other* good cause shown," suggesting that the criterion might be intended to encompass reasons for removal similar to those described in the other subsections of ORS 113.195, all of which involve some legal shortcoming on the part of the personal representative. But that is not the only plausible interpretation of the broadly worded provision. It could also be understood to authorize removal for reasons *other than* those described in the previous subsections. Thus, we turn to the legislative history for further guidance. *See, e.g., State v. Blair*, 348 Or 72, 80, 228 P3d 564 (2010) (following *Gaines*, "we may always consider pertinent legislative history").

House Bill (HB) 2986 (2017), introduced by the Oregon Law Commission (OLC) in 2017, proposed many revisions to the Oregon Probate Code, the addition of ORS

---

[5] We note that good cause has been defined in other statutes, but those statutes' contexts are distinct from the context of ORS 113.195(4). *See* ORS 135.763 (requiring a trial of the accused to be administered within 90 days, with an exception that allows a court to grant a continuance "on motion of the district attorney or on its own motion, for good cause shown"); *State v. Tatarinov*, 211 Or App 280, 285-86, 155 P3d 67, *rev den*, 342 Or 727 (2007) (noting that in the context of ORS 135.765, "no precise, all-encompassing, definition of 'good cause' exists," but listing instances where we have found good cause to continue a trial); *see* ORS 657.176 (using the term "good cause" in an employment context).

113.195(4) among them.[6] The OLC explained that, once a personal representative has been appointed, there is a "presumption of suitability," and that ORS 113.195(4) was included to address a concern expressed by probate judges that ORS 113.195 was too restrictive in authorizing courts to remove a personal representative. Exhibit 15, House Committee on Judiciary, HB 2986, Mar 27, 2017 (accompanying statements by Professor Susan Gary, Oregon Law Commission Reporter on HB 2986). Circumstances would arise when "a personal representative may not have been neglectful to the extent that would allow removal," but was acting in a way that created "discord" and a high likelihood of problems during the administration of an estate. Audio Recording, House Committee on Judiciary, HB 2986, Mar 27, 2017, at 58:18 (statement of Professor Susan Gary, Oregon Law Commission Reporter on HB 2986), https://olis.leg.state.or.us (accessed Dec 4, 2020). The testimony shows that subsection (4) was proposed to provide the court with discretion to remove a personal representative for reasons other than the types of legal failings described in subsections (1) to (3), so that the court may step in to remove a personal representative "before the problems become too great." Exhibit 15, House Committee on Judiciary, HB 2986, Mar 27, 2017 (accompanying statements by Professor Susan Gary).

The legislative testimony concerning the purpose of ORS 113.195(4) is consistent with the dictionary definition of the term "good cause." Together they lead us to conclude that "other good cause shown" under ORS 113.195(4) is not limited to the types of wrongful acts on the part of the personal representative described in ORS 113.195(1) to (3), but authorizes the court in its discretion to remove a personal representative to prevent problems from arising in the probate, including discord between the personal representative and the beneficiaries of the estate. Thus, contrary to respondent's argument, under the statute, the court had authority to remove respondent as personal representative based on

---

[6] Most of the legislative history consists of testimony of nonlegislators. We give that testimony the weight to which it is entitled. *See, e.g.*, *Ram Technical Services, Inc. v. Koresko*, 346 Or 215, 234-35, 208 P3d 950 (2009) (relying on testimony from the Oregon Law Commission).

the type of good cause considerations presented to it as the hearing.

Given that conclusion, we next address whether the record was sufficient to allow the court to exercise its discretion to remove respondent for "other good cause shown." The decision to remove a personal representative is a matter of discretion for the probate court, ORS 113.195(4) ("the court may remove the personal representative"), thus, we review for an abuse of discretion. *See Wharff*, 152 Or App at 72 (applying the abuse of discretion standard to the removal of a personal representative).

In addressing how the probate might proceed, respondent stated that he wished to sell the house and that his reasons for doing so were to ensure that the creditors (of which he was one) would be paid and that he received an adequate personal representative fee. Respondent emphasized the need to protect himself and other creditors, and appeared to be unmoved by the need to also protect the beneficiaries' interests. Petitioner testified that she sought to maximize the benefit to the beneficiaries, and not just to creditors. In evaluating this record, we cannot conclude that the probate court abused its discretion in determining that it was necessary to remove respondent, so as to avoid discord between the beneficiaries and the personal representative concerning the manner of disposition of the property of the estate.

Respondent asserts in his second contention that the probate court erred in waving the bond requirement for petitioner to serve as personal representative, in violation of ORS 113.105 (2017).[7] ORS 113.105(1)(a) (2017) provides:

> "Except as provided in subsections (2) to (4) of this section, the personal representative may not act, and letters may not be issued to the personal representative, until the personal representative provides a bond to the clerk of the court. The bond must be for the security and benefit of all interested persons and must be conditioned upon the personal representative faithfully performing the duties of the

---

[7] Although we refer to the 2017 version of ORS 113.105, we note that the statute has been amended several times since 2017 in ways that do not change the relevant substance.

position. The bond must be executed by a surety qualified under ORCP 82 D to G."

Subsections (2) to (4) provides exceptions to the bonding requirement. Under ORS 113.105(4)(b), the court may waive a bond if "[t]he court restricts the sale, encumbrance or other disposition of property of the estate without prior court approval." Respondent notes that the court restricted petitioner's ability to dispose of the estate's property. Nevertheless, respondent asserts that, in considering whether to waive the bond, the court should also have considered "the significant likelihood that [petitioner] would abuse her charge as administrator or administer the estate to the prejudice of [respondent] and/or other creditors."

As we understand his argument, respondent requests that we insert requirements into the statute, which we may not do. ORS 174.010; *see, e.g.*, *Raudebaugh v. Action Pest Control, Inc.*, 59 Or App 166, 171-72, 650 P2d 1006 (1982) (reiterating ORS 174.010). ORS 113.105(1) explicitly provides for an exception to the bond requirement as "provided in subsection (2) to (4)." Subsection (4) is an exception to the bond requirement that the probate court imposed. Therefore, we conclude that the probate court did not err in waving the bond requirement.

Finally, respondent contends that the probate court erred in "awarding" personal representative fees "purely on equitable grounds."[8] We do not reach that argument, however, because it is not reviewable. In the limited judgment on appeal, the court ordered: "Upon final disposition for the estate the Court will divide the personal representative's fee between [respondent] and [petitioner] in the manner it deems fair and equitable." The court did not make an award. A limited judgment awarding personal representative fees is reviewable only after "[a] decision on a request for an award of expenses under ORS 116.183." ORS 111.275(1)(e). That

---

[8]  While we do not reach the merits of respondent's contention, we do note that respondent is not correct in his assertion that the court awarded personal representative fees on "purely" equitable grounds. The court stated that the fee that respondent would receive would be consistent with the personal representative compensation statute, ORS 116.183. It appears the court used the term "equitable" in the context of personal representative fees to mean fair and consistent with the statutes that governs.

requirement had not occurred here. *See* ORS 116.183(1) (providing for the allowance of personal representative expenses "in the settlement of the final account" or "prior to settlement of the final account upon petition, showing that the final account reasonably cannot be filed at that time, and upon notice as directed by the court"). Respondent's request for relief is premature.

Affirmed.