On appellant's petition for reconsideration filed December 29, 2020; reconsideration allowed, former opinion (308 Or App 1, 480 P3d 289) modified and adhered to as modified February 10, 2021

In the Matter of
the Estate of Lois Irene Gould, Deceased.

Bradley R. WARKENTIN,
former Personal Representative,
*Appellant,*

*v.*

Corina SHIREY,
Personal Representative,
*Petitioner-Respondent.*

Deschutes County Circuit Court
17PB08036; A167535

481 P3d 444

Walter Randolph Miller, Jr., Judge.

Anthony V. Albertazzi, for petition.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

PER CURIAM

Reconsideration allowed; former opinion modified and adhered to as modified.

## PER CURIAM

Respondent seeks reconsideration of our opinion in *Warkentin v. Shirey*, 308 Or App 1, 480 P3d 289 (2020), in which we affirmed the probate court's removal of respondent as personal representative pursuant to ORS 113.195(4), and its substitution of petitioner to that position. In respondent's petition for reconsideration, he requests that we modify the opinion pursuant to ORAP 6.25(1)(a) for a "claim of factual error in the decision." Specifically, he requests that we remove the line "Respondent was the decedent's neighbor" because that factual assertion "is not contained in the record."[1]

We agree with respondent that that fact is not supported by the record. Accordingly, we allow consideration and modify the opinion to delete the following sentence: "Respondent was the decedent's neighbor."

Reconsideration allowed; former opinion modified and adhered to as modified.

---

[1] Respondent also requests that we modify a typographical error on the cover page. That error has been corrected.